## CARNAHAN v. CARNAHAN.

1. JUDGMENT—CONCLUSIVENESS.

   Where, on a bill for divorce, defendant filed a cross-bill seeking to enforce a trust in certain money in the hands of complainant, and complainant joined in the trial of both questions, and neither appealed from the decree, complainant cannot thereafter attack the decree in so far as it awards defendant a portion of the trust fund, on the ground that the court should not try property rights in a divorce case.

2. DIVORCE—DIVISION OF PROPERTY—JURISDICTION.

   Under section 8640, 3 Comp. Laws, authorizing a division of certain classes of property in a divorce case, the court has power to determine what property belongs to the husband, and divide the same between the husband and wife.

3. SAME—EXECUTION AGAINST WIFE.

   Section 8640, 3 Comp. Laws, does not authorize execution against a wife in favor of her husband to enforce an order in a decree of divorce between them requiring her to pay over to him certain money which the court finds she holds in trust for him.

4. CONTEMPT—CIVIL REMEDIES.

   Where execution may issue to collect a decree for the payment of money, the proceeding by contempt to enforce a civil remedy cannot be resorted to.

5. SAME—DECREES—ENFORCEMENT.

An order in a decree for divorce that the wife shall pay over to the husband a particular portion of a trust fund which she has on deposit beyond the jurisdiction of the court, is not "a decree for the payment of money" in the ordinary sense, so as to be enforceable by execution, and is therefore enforceable by contempt proceedings under section 10891, 3 Comp. Laws, sub. 3.[1]

6. SAME—ISSUANCE OF EXECUTION—EFFECT.

The fact that a void execution has been issued and a void and ineffective levy made, under which no benefit has been derived by the husband, and no injury suffered by the wife, does not affect the subsequent maintenance of contempt proceedings against her.

7. SAME—PARTIES—TRUSTEES IN BANKRUPTCY.

A trustee in bankruptcy may join with the bankrupt in contempt proceedings to compel the bankrupt's divorced wife to pay over a sum of money which the court in the divorce case found she held as trustee for her husband and ordered her to pay over to him.

8. SAME—BANKRUPTCY—EFFECT.

Where a decree of divorce directs the wife to deliver to her husband a certain portion of a trust fund, the assignment of such decree to the husband's trustee in bankruptcy, by the institution of bankruptcy proceedings against him, does not change the nature of the wife's obligation to mere debt enforceable only by execution.

9. ARREST — CONTEMPT — CRIMINAL PROCESS — IMPRISONMENT OF WOMEN.

Section 10343, 3 Comp. Laws, forbidding imprisonment of females on any process in any civil action, has reference only to writs of capias ad respondendum, ad satisfaciendum, and kindred process, and does not prohibit the enforcement of chancery decrees and orders against female defendants by contempt proceedings, which are not civil but criminal.

10. CONTEMPT — ENFORCEMENT OF CIVIL RIGHTS — IMPRISONMENT.

The provisions of the Constitution (art. 6, § 33) and statutes (§ 9553, 3 Comp. Laws), prohibiting imprisonment for debt, do not, in view of section 9554, 3 Comp. Laws, prohibit proceedings for contempt to enforce a chancery order requiring a

---

[1] As to compelling payment of alimony by contempt proceedings, see note to *Staples* v. *Staples* (Wis.), 24 L. R. A. 433.

woman to pay over a fund on deposit in a foreign bank which the court in a decree for divorce has decreed to belong to her husband.

11. SAME—EVIDENCE.

Where, in a proceeding for contempt to enforce an order in a decree for divorce requiring the wife to pay certain money to her husband, the husband's trustee in bankruptcy was made a party to the application, and his relationship to the case was alleged in the application and admitted in the answer, the admission of proof thereof was not improper.

12. SAME—TERM OF IMPRISONMENT.

Where a decree for divorce adjudges that a certain fund held by the wife in a foreign bank belongs to the husband, and requires her to pay over a portion of it over to him in settlement of their property rights, which she fails to do, an order for her imprisonment for contempt, until the further order of the court, for disobedience of the order, is not indefinite (§§ 10913, 10915, 3 Comp. Laws).

Appeal from St. Clair; Law, J.   Submitted February 8, 1906.   (Docket No. 110.)   Decided March 19, 1906.

Bill by Minnie Carnahan against Nelson F. Carnahan for a divorce, in which a decree was entered for complainant, but requiring the payment of a certain fund to defendant:   On petition of defendant and Charles E. Ormsby, trustee in bankruptcy of defendant, complainant was found guilty of contempt in refusing to make said payment, and she appeals.   Affirmed.

*Cady & Crandall,* for complainant.

*Elmer E. Stockwell* (*Thomas Wellman,* of counsel) for defendant.

HOOKER, J.   The complainant, a woman, was found guilty of a contempt for not paying certain moneys in accordance with a final decree in a divorce case, and has appealed from an order that she pay the sum of $666.60 to Ormsby, trustee, and that, in default of such payment, she be, and remain, imprisoned in the common jail, until

she shall have performed the requirements of the order, or until the further order of the court.

A history of the proceedings is as follows: On August 27, 1904, Nelson E. Carnahan filed a bill for divorce against his wife, Minnie Carnahan, the appellant. It prayed that certain property to which Minnie Carnahan had the legal title be declared a trust in favor of Nelson Carnahan. No service of the subpœna was had on Minnie Carnahan, and apparently the case went no further. On September 1, 1904, Minnie Carnahan filed a bill for divorce and alimony against Nelson E. Carnahan. He answered and filed a cross-bill, by which he attempted to make his former bill a part of his cross-bill by reference. The case was heard on pleadings and proofs in December, 1904, and Minnie Carnahan testified that she had on deposit in Sarnia $1,200, being the amount of an insurance upon property earned by Nelson. The court thereupon made an order in open court restraining her from transferring, assigning, or otherwise disposing of the same, until the determination of the cause, or the further order of the court. On December 22, 1904, a decree was made granting a divorce to Minnie Carnahan, adjudging that she had in her possession or under her control $644, which in justice and equity is the property of Nelson Carnahan, being the sum found by the court as an equitable property settlement between them, and it was therein ordered that Minnie Carnahan turn over and pay to the said Nelson Carnahan, or his solicitors, the said sum, and, it appearing that she had said sum on deposit in the Lambton Loan & Investment Company of Sarnia, Canada, that within 20 days from the signing of the decree she give to said Nelson or his solicitor a check upon said company, authorizing and directing it to pay and turn over said sum to Nelson Carnahan or his solicitor. This decree was enrolled January 10, 1905. On July 24, 1905, Nelson E. Carnahan's solicitor filed a præcipe for execution, and it was issued, and the same has not been returned unsatisfied. The appellant claims that the records in the office of

register of deeds in St. Clair county show an undischarged levy of said execution upon real estate. On August 5, 1905, a joint written application of Nelson E. Carnahan and Charles E. Ormsby, his trustee in bankruptcy, was filed, asking an order to show cause, against Minnie Carnahan, why she should not be punished for contempt for disobedience of the aforesaid decree. This application was accompanied by documents showing the facts stated therein, relating to the bankruptcy proceedings, etc., and a demand of payment. Complainant answered, a hearing was had, and the aforesaid order followed, from which Minnie Carnahan has appealed.

The following claims of counsel show the questions to be considered:

(1) That in the divorce case the court had no jurisdiction to decree that the wife should turn over property to the husband, and to the extent that it required it the decree was void, and does not support the contempt proceedings.

(2) An outstanding execution precludes proceedings for contempt.

(3) That there is a misjoinder, for the reason that the trustee in bankruptcy is not jointly interested with Mr. Carnahan in the decree.

(4) That the trustee claims by assignment, and his claim is simply one of debt.

(5) This is a proceeding to enforce a civil remedy, and for that reason is a civil action, and the law does not permit a woman to be imprisoned in such a case.

(6) The evidence offered to prove that Ormsby was appointed, and had qualified, as trustee, was not admissible.

(7) The demand made was legally insufficient.

(8) The court has not found that Ormsby has suffered injury by reason of the alleged misconduct.

(9) That there was no evidence indicating that the rights of Carnahan were impaired, impeded, or prejudiced, and that he had suffered loss and injury by the alleged misconduct.

(10) There is no evidence to support the finding.

(11) The order is void because the period of commitment is indefinite.

1. The first point raised is that the decree is void for the reason that property rights should not be tried in a divorce case. It is sufficient answer to say that equity has jurisdiction to grant divorces and to enforce trusts, and whether properly cognizable in one suit, as a rule, or not, the parties are bound by the decree, not having appealed. The record shows that the complainant joined in the trial of both questions. The decree cannot be considered void. Furthermore, as will be seen later, 3 Comp. Laws, § 8640, authorizes a division of certain classes of property, and it must follow that the court has power to determine what property the husband has.

2. Could execution issue, and, if so, does that preclude proceedings for contempt? The decree affords the only light as to the conclusions of the judge upon questions of fact. From that we may infer that he has attempted to make a property settlement between them. We cannot suppose that the separate property of the wife was considered, and therefore may conclude that he was dealing with property belonging to them in common (being evidently personal), or the separate property of the husband as claimed in his answer. That the court had a right to decree a division of this property between the husband and wife is shown by 3 Comp. Laws, § 8640. It follows that under this statute it is within the power of the court to issue execution against the husband, or sequester the real and personal property of the husband, or declare a lien upon it under the express provisions of that section, to enforce the payment of alimony. It is silent, however, upon the question of execution against the wife, and, being a statute especially designed to afford relief to the wife, we think it was not designed to afford the husband relief against the wife, except incidentally in the decree as to division of property. It is probable that the possibility of a necessity of enforcing the decree against the wife, by execution or otherwise, was not considered. This would leave this decree to be enforced against her in the same way that it could be in a case brought for the single pur-

pose of obtaining the husband rights in this fund. There is no doubt of the authority of the court to award execution upon application for the collection of any decree for the payment of money. See 1 Comp. Laws, § 468, which provides:

"(468) SEC. 63.  The court may enforce performance of any decree, or obedience thereto, by execution against the body of the party against whom such decree shall have been made, or by execution against the goods and chattels, and in default thereof, the lands and tenements of such party; but no execution shall be issued on any final decree, until the same shall have been enrolled, as hereinbefore provided."

This is an old statute, being section 3517 of the compilation of 1857. It has been the settled rule in this State that, where execution may issue to collect a decree for the payment of money, the proceeding by contempt to enforce a civil remedy cannot be resorted to. See *Haines* v. *Haines*, 35 Mich. 138; *North* v. *North*, 39 Mich. 67; *Swarthout* v. *Lucas*, 102 Mich. 494. We have no doubt that such is now the rule, except as it is modified by 3 Comp. Laws, § 10891, subd. 3, and in construing that section we must harmonize the last provision of subdivision 3—i. e., "And for any other disobedience to any lawful order, decree or process of such court," with the earlier provision permitting contempt proceedings on decrees "for the nonpayment of any sum of money * * * in cases, where by law, execution cannot be awarded"—and if we must say that this is a decree for the payment of money, in the sense of the term there used, this remedy is not appropriate.

As already indicated, this decree should be interpreted as deciding that upon a settlement of the question of alimony the court has determined how the property of the husband or that in which he has an interest with his wife shall be divided between them. It has been found, and adjudicated, that of this property she has in her control, beyond the jurisdiction of the court, on deposit, the amount,

a sum which equitably belongs to him, and that she turn over and pay *this sum.*    This is not a decree for the payment of money in the ordinary sense.    It is not subject to the exemption law.    The decree requires delivery of the specific thing—i. e., the fund—in contradistinction to the payment of a debt, and a writ of execution is not appropriate in such a case.    The fact that a void execution has been taken, and a void and ineffective levy made, does not affect the question; it being apparent that no benefit has been derived from it by the defendant and injury suffered by complainant.

3. Ormsby has succeeded to the defendant's property, and in the capacity of trustee in bankruptcy is injured and impeded by the refusal to pay, and is entitled to receive the money when paid.    The defendant is also injured and impeded for the reason that he is entitled to have it collected and paid in discharge of his debts, and to the return to him of any surplus that may remain.    We see no impropriety in their joining in an application to the court to enforce payment by proper means.

4. We do not accept complainant's theory that the assignment of this decree which follows like that of other property, the adjudication in bankruptcy, changes its nature and makes a debt of what has not been so decreed. If there were any disposition to comply with the decree, the complainant could readily find a way of safely doing so, even if we admit the contention that she cannot safely pay to Ormsby.

5. Counsel invoke the statute (3 Comp. Laws, § 10342), which provides:

" (10342) SEC. 45.    No female shall be imprisoned on any process in any civil action except in actions for the violation of any of the provisions of an act entitled ' An act to prevent the manufacture and sale of spirituous or intoxicating liquors as a beverage,' the same being chapter sixty-nine of the compiled laws of eighteen hundred and seventy-one, in which action she shall be liable to the same punishment as a male."

This raises one of the most important questions in the case. Is this a civil process, and, if not, can a process in its nature criminal be used to enforce a civil right through imprisonment? The only constitutional provision forbidding the imprisonment of women is the following:

" No person shall be imprisoned for debt arising out of or founded on a contract express or implied, except," etc. Const. art. 6, § 33.

In addition to the statute heretofore mentioned is the following:

" (9553) SEC. 1. No person shall be arrested or imprisoned on any civil process issuing out of any court of law, or on any execution issuing out of a court of equity, in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract expressed or implied, or for the recovery of any damages for the nonperformance of any contract.
" (9554) SEC. 2. The preceding section shall not extend to proceedings as for contempts to enforce civil remedies; nor to actions for fines, penalties, or forfeitures, or on promises to marry, or for moneys collected by any public officer, or for any misconduct or neglect in office, or in any professional employment." 3 Comp. Laws, §§ 9553, 9554.

If the statute first cited is to be applied literally, and no woman can be imprisoned, as a means of enforcing civil rights, the court of chancery is powerless to enforce trusts against female trustees, the delivery of securities or other property, or obedience to injunctions, if not the production of testimony, and litigants are at the mercy of women who may refuse obedience to the judgments of courts of justice. We think that substantial rights such as these were not within the intent of the legislature in giving immunity from imprisonment on civil process, which may reasonably be held to be limited to writs of capias ad respondendum, ad satisfaciendum, and kindred process. Counsel for the complainant cite no authorities except the statutes, and we assume, therefore, that a search for others has been unavailing. If the question has been decided in this court,

we have no recollection of the case. That the process is criminal and not civil, see *Schwab* v. *Coots*, 44 Mich. 463; *Langdon* v. *Wayne Circuit Judges*, 76 Mich. 373; *Montgomery* v. *Booming Co.*, 104 Mich. 413. In *Scott* v. *Chambers*, 62 Mich. 538, the court did not give a woman's immunity under the statute, as a reason for not sustaining contempt proceedings against her, disposing of the case upon another ground. The same was true in *Latimer* v. *Barmore*, 81 Mich. 592. See, also, 4 Enc. Pl. & Prac. p. 803, subd. *c*, and note. That the power extends generally to all who refuse obedience, see 9 Cyc. p. 23. See, also, 7 Am. & Eng. Enc. Law (2d Ed.), 40.

6. The objection to the introduction of proof of Ormsby's relation to the case was not well taken. It had been alleged in the application, accompanied by a certified copy of the order, and complainant's answer admits it. It was proper to show it.

7. We are of the opinion that a sufficient demand was shown.

8. We think it sufficient for the court to find that Carnahan's rights were impaired and impeded, etc., and the order permitting payment to Ormsby was proper.

9. There was sufficient proof that both Carnahan's and Ormsby's rights were impaired and impeded.

10, 11. The tenth claim need not be further discussed, being covered by what has been said. The eleventh is that the order made is indefinite, providing that complainant be imprisoned until the further order of the court. 3 Comp. Laws, § 10915, is said to limit the punishment to six months. Section 10913 provides:

"(10913) SEC. 23. When the misconduct complained of consists in the omission to perform some act or duty, which is yet in the power of the defendant to perform, he shall be imprisoned only until he shall have performed such act or duty, and paid such fine as shall be imposed, and the costs and expenses of the proceedings."

Such cases are not covered by section 10915. See *People* v. *Jones*, 33 Mich. 303; *Wilcox Silver Plate Co.*

v. *Shimmel*, 59 Mich. 524; *Chapel* v. *Hull*, 60 Mich. 167; *Latimer* v. *Barmore*, 81 Mich. 592; *Swett* v. *Thorkildsen*, 115 Mich. 314.

We find nothing in the record that warrants a reversal of the order, and the same is affirmed, and the case remanded that the same may be enforced.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.