BURTON *v.* WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—RECORD.

Where printed record on appeal is very meager, the record on file in the office of the clerk of the Supreme Court is examined although decision is based on the printed record.

2. REPLEVIN—COMMON PLEAS COURT OF DETROIT—PRACTICE—JUSTICES OF THE PEACE.

Notwithstanding the fact that the common pleas court of Detroit is a court of record and has concurrent jurisdiction with the circuit court in replevin actions if the value set forth in the affidavit does not exceed $1,500, nevertheless the practice and procedure in such court in replevin actions is governed, except as otherwise provided, by the provisions of existing laws regulating like actions before justices of the peace (CL 1948, §§ 728.1, 728.14).

3. SAME—JUSTICES OF THE PEACE—ISSUANCE OF WRIT—AFFIDAVIT—BOND—CIRCUIT COURT—APPRAISAL.

In a replevin action before a justice of the peace a writ must issue on the filing of an affidavit as to the value of the property to be seized and a bond in twice such amount by the plaintiff whereupon the property seized by such writ is immediately turned over to the plaintiff while in such action in the circuit court an appraisal is made to determine the value after it is seized by the officer and the goods are turned over to the plaintiff after the giving of a bond in twice the appraised amount (CL 1948, § 627.7 *et seq.,* § 674.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[6, 7] 37 Am Jur, Motions, Rules, and Orders, § 30.
[8, 11] 12 Am Jur, Contempt, § 24.
[9] 12 Am Jur, Contempt, § 40.
[9] What courts or officers have power to punish for contempt. 8 ALR 1543; 54 ALR 318; 73 ALR 1185.
[13] 3 Am Jur, Appeal and Error, § 1209.
[14] 14 Am Jur, Costs, § 91 *et seq.*

4. SAME—COMMON PLEAS COURT OF DETROIT—RETURN OF WRIT.
    In a replevin action in the common pleas court of Detroit, the
    writ is returnable in not more than 12 days (CL 1948, § 674.-
    2; Common Pleas Court of Detroit Rule No 7, § 3).

5. COURTS—JURISDICTION—DISMISSAL OF APPEAL TO CIRCUIT COURT
    FROM COMMON PLEAS COURT OF DETROIT.
    After dismissal of an appeal from the common pleas court
    of Detroit by the circuit court, such latter court would have
    no jurisdiction to make or enforce any further orders as
    jurisdiction on the dismissal of the appeal would revert to
    the common pleas court.

6. SAME—ORDER NUNC PRO TUNC.
    An order *nunc pro tunc* entered by a circuit court to correct its
    former order could only operate as to the future.

7. SAME—ORDER NUNC PRO TUNC—JURISDICTION.
    It is not within the purview of an order *nunc pro tunc* to op-
    erate *ex post facto* so as to give force to an order for want
    of jurisdiction.

8. CONTEMPT—CIVIL REMEDY—ADEQUACY OF REMEDY.
    Enforcement of a civil remedy by process of contempt cannot
    be had where a judgment has been rendered and on which
    execution, attachment, or garnishment may issue, or there
    is any other adequate remedy.

9. SAME—STATUTES—ENFORCEMENT OF ORDERS, DECREES OR PROCESS.
    The statute defining and providing for contempt makes no
    distinction between cases on the law or equity side of the
    court (CL 1948, § 605.1).

10. REPLEVIN—BONDS—DETERMINATION OF AMOUNT.
    Where replevin action was dismissed on motion and again on
    appeal, it was impossible to order a new bond in an ade-
    quate amount where no determination of the value of the
    goods had been made by the court.

11. SAME—JURISDICTION TO HOLD PLAINTIFF IN CONTEMPT.
    Where defendant in replevin action in common pleas court of
    Detroit has been deprived of his property by an illegal and
    fatally defective process, is entitled to its return, and a
    judgment for damages for the value of the goods, a *capias
    ad respondendum* or *capias ad satisfaciendum* might be in-
    effective, would take time, be expensive and deprive defend-
    ant of his household goods, plaintiff was afforded ample
    time to return the goods before being held in contempt and

could have purged himself of the contempt by making such return as ordered by the circuit court on dismissal of appeal from the common pleas court the circuit court would have had jurisdiction to order plaintiff held for contempt, had its order *nunc pro tunc* dismissing the case, instead of the appeal, been issued before order holding plaintiff in contempt.

12. SAME—PROCESS—RETURN OF WRIT—TIME—BONDS.
    Where return to writ of replevin issued by common pleas court of Detroit was ordered to be made in 20 days, instead of 12 days allowed by statute and court rule, the fatally defective process could not be corrected by requiring plaintiff to give a larger bond (CL 1948, § 674.2).

13. SAME—CONTEMPT—CIRCUIT COURT—JURISDICTION.
    Where circuit court, at time it ordered plaintiff held for contempt, had made an erroneous order divesting itself of jurisdiction in replevin action on appeal from common pleas court of Detroit, which order was subsequently corrected by an order *nunc pro tunc* dismissing the case instead of dismissing the appeal, intervening order of contempt is reversed without prejudice to any further action defendant may see fit to take.

14. COSTS—CERTIORARI—INADEQUACY OF RECORD AND BRIEFS.
    While ordinarily costs are given to the prevailing party in certiorari proceedings, none are allowed where record and briefs are inadequate and circumstances warrant reversal without prejudice to further action by defendant (Court Rule No 5, § 2).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted April 12, 1949. (Docket No. 55, Calendar No. 44,268.) Decided June 6, 1949. Rehearing denied September 8, 1949.

Replevin by William Burton against Merle Price in Common Pleas Court to recover possession of personal property. Case dismissed. Plaintiff appealed to circuit court. Appeal dismissed and plaintiff ordered to return property. On contempt for failure to return property. Plaintiff adjudged guilty of contempt. Order entered *nunc*

*pro tunc* dismissing the case. Plaintiff appeals. Reversed without prejudice.

*Maurice D. Smilay,* for plaintiff.

*Joseph A. Craigen,* for defendant.

Butzel, J. We granted an appeal in the nature of certiorari from a conviction for contempt of court. Because of the very meager printed record, and in order to more fully understand the facts leading to the conviction for contempt, we have examined the entire record filed with the clerk of this Court. We include a brief resumé of some of the facts in that record in order to understand those leading up to the conviction, though we base our decision on the printed record before us.

On November 6, 1947, William Burton, plaintiff and appellant herein, commenced a replevin suit in the common pleas court for the city of Detroit, against Merle Price, defendant and appellee herein, to recover possession of a refrigerator, a radio, a gas range, household goods and furniture. In the affidavit for the issuance of the writ of replevin he evaluated the property to be seized at $100 and filed a bond for $200. A writ was issued and the property seized and delivered to plaintiff. According to the records defendant claimed that he borrowed $100 from plaintiff agreeing to repay it together with $15 in 30 days; that he gave plaintiff as security a bill of sale which was duly recorded, but defendant evidently retained possession of the property until it was replevied. Defendant further claimed that he tendered to plaintiff the $100 plus interest but plaintiff refused to accept it and brought the replevin proceedings. Defendant claims the goods seized had a value of $900. There is no showing to the contrary. Plaintiff thus was able to secure goods of the

alleged value of $900 by giving a bond of only $200 in the replevin proceedings.

Notwithstanding the fact that the common pleas court of Detroit is a court of record and has concurrent jurisdiction with the circuit court in replevin actions if the value set forth in the affidavit does not exceed $1,500 (CL 1948, § 728.1 [Stat Ann 1947 Cum Supp § 27.3651]), nevertheless both the statute and the court rules of the common pleas court of Detroit provide that the practice and procedure in replevin shall be governed, except as otherwise provided, by the provisions of existing laws regulating like actions before justices of the peace (CL 1948, § 728.14 [Stat Ann 1947 Cum Supp § 27.3664]). The statute provides for the issuance of a writ of replevin by a justice of the peace on the filing of an affidavit as to the value of the property to be seized and a bond in twice such amount by the plaintiff. The property seized by such writ is immediately turned over to the plaintiff. (CL 1948, § 674.1 [Stat Ann 1947 Cum Supp § 27.3345].) This differs from the practice in the circuit court where the law provides for an appraisal to determine the value of the property after it is seized by the officer and the giving of a bond in twice the amount of such appraised valuation before the goods are turned over to the plaintiff. (CL 1948, § 627.7 *et seq.* [Stat Ann § 27.1819 *et seq.*].)

The writ of replevin caused to be issued in the instant case was made returnable in 20 days by the plaintiff, notwithstanding the statute and the rules of the common pleas court specifically state that it shall be returnable in not more than 12 days (CL 1948, § 674.2 [Stat Ann 1947 Cum Supp § 27.3346], and Common Pleas Court Rule No 7, § 3). The judge of the common pleas court of Detroit on motion of defendant dismissed the action and ordered the return of the property to defendant. Plaintiff appealed the case to the Wayne circuit court. The

appeal was heard on June 24, 1948, and the court entered an order dismissing the appeal and ordering the goods returned to defendant. Plaintiff ignored this order and on September 21, 1948, on application of defendant, the circuit court judge issued an order to show cause why the plaintiff should not be adjudged guilty of contempt because of his failure to obey the order of the court. After service of the order and adjournments because of plaintiff's failure to appear, the court on October 11, 1948, adjudged the plaintiff guilty of contempt of court. The court informed him that he must return the goods or be committed to jail.

On October 19, 1948, the plaintiff filed a claim of appeal to the Supreme Court. He also filed a motion for approval of a bond to stay proceedings in the circuit court. It was dismissed on October 25, 1948, for failure of the plaintiff to appear and a writ of attachment was issued for the arrest of the plaintiff. On October 28, 1948, we issued an order to stay proceedings conditioned on the plaintiff filing a bond for $500 and filing an application for leave to appeal within 15 days. On October 29, 1948, a motion was made by defendant for the entry of an order *nunc pro tunc* to correct the order of June 24, 1948, so as to provide for the dismissal *of the cause* instead of the dismissal *of the appeal* and again ordering of the return of the property. The order *nunc pro tunc* was entered November 5, 1948, and this Court granted leave to appeal on January 4, 1949. Obviously, if the appeal from the court of common pleas of Detroit were dismissed in the circuit court, that latter court would have no jurisdiction to make or enforce any further orders as jurisdiction on the dismissal of the appeal would revert to the court of common pleas of Detroit. Owing to the mistake in the first instance, the order was corrected by the order *nunc pro tunc* so as to provide for the dismissal of the

case and the order of the return of the property. Such order *nunc pro tunc* entered by the circuit court to correct the former order could only operate as to the future.

Plaintiff, as appellant, raises only 2 questions on appeal. Plaintiff does not attack the propriety of the order *nunc pro tunc,* but he does contend, properly, that "it is not within the purview of an order *nunc pro tunc* to operate *ex post facto* so as to give force to an order void for want of jurisdiction." *Eslow* v. *Albion Township,* 32 Mich 193. Plaintiff claims that inasmuch as the contempt proceedings were not based upon the order *nunc pro tunc* he cannot be held in contempt for the disobedience of the order which was not corrected at the time of the adjudication for contempt.

Plaintiff raises, however, the further question as to the right of the circuit court on the law side to enforce a civil remedy by process of contempt. This cannot be done in actions at law where a judgment has been rendered and on which execution, attachment, or garnishment may issue, or there is any other adequate remedy. See *Haines* v. *Haines,* 35 Mich 138; *Atchison, T. & S. F. R. Co.* v. *Wayne Circuit Judge,* 60 Mich 232. Subsection 5 (CL 1948, § 605.1 [Stat Ann § 27.511]) provides for punishment for contempt for disobedience of any lawful order, decree or process of the court. Neither this subsection nor the other sections of the above statute (being the statute defining and providing for contempt) make any distinction between cases on the law or equity side of the court. Contempt is the common method of enforcing orders in the law actions of mandamus, prohibition, and habeas corpus. It is true that in *General Motors Acceptance Corp.* v. *Ellar,* 243 Mich 603, we held that if the bond given on appeal was not sufficient a new one might have been ordered. However, in the instant case there

was only a $200 bond given to seize goods of the alleged value of $900. The case having been dismissed on motion due to the void writ and again dismissed on the appeal, it was impossible to order a new bond in an adequate amount under the circumstances for no determination of the value of the goods was made by the court. Defendant has been deprived of his property and is entitled to its return. A judgment for damages for the value of the goods might be ineffective and it also would take time and expense to obtain a judgment in trespass; and it would mean considerable expense to defendant even if he were to sue out a *capias ad respondendum* or *capias ad satisfaciendum,* if he were entitled to such writs. For a long period defendant would not have the use of his household goods. The trial judge gave plaintiff ample time to return the goods before he adjudged him guilty of contempt. Plaintiff could easily have purged himself of the contempt by returning the goods. Surely the court has the power to enforce its order under the circumstances of the case, in which goods are obtained by an illegal process, followed by a flagrant disobedience of the order of the court to return the goods. We are in accord with the rule set down in *Muscogee Motor Co.* v. *Cook,* 238 Ala 178 (190 So 71), in which the court ordered plaintiff to file a proper bond or return an automobile seized in an action of *detinue.* The court held (syllabus):

"Where plaintiff illegally obtained possession of an automobile involved in *detinue* action and failed to obey order to give required bond or return automobile to defendant, plaintiff was in contempt of court."

In the present case the fatally defective process could not be corrected by requiring the giving of a larger bond. Plaintiff would have been in contempt

of court had the order *nunc pro tunc* been entered prior to instituting the contempt proceedings. Under the circumstances the order adjudicating plaintiff guilty of contempt must be set aside, but without prejudice to any further action that defendant may see fit to take.

While ordinarily we give costs to the prevailing party in certiorari proceedings, due to the inadequacy of the record and briefs and the circumstances of the case, we order otherwise in accordance with Rule No 5, § 2, of the Michigan Court Rules (1945). Neither party will recover costs.

Sharpe, C. J., and Bushnell, Boyles, Reid, North, Dethmers, and Carr, JJ., concurred.