THOMAS *v.* THOMAS.

1. DIVORCE—REHEARING—TIME—COURT RULES.
    A petition for a supplemental decree in a suit for divorce wherein it is sought to clarify the original decree by designating certain monthly payments required therein as permanent alimony, in effect constituted an application for rehearing within the meaning of court rule requiring that such petition be filed within 2 months from entry of final decree (Court Rule No 48, § 1 [1945]).

2. SAME—PROPERTY SETTLEMENT—ALIMONY—CONTEMPT.
    Detailed provisions in divorce decree under the heading "property settlement" requiring defendant husband to make pay-

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  17 Am Jur, Divorce and Separation § 650.
[2]  17 Am Jur, Divorce and Separation § 666.
[3]  17 Am Jur, Divorce and Separation § 580.

ments of $100 monthly and freeing him from any obligation under the mortgage against the real estate *held,* a part of the property settlement, notwithstanding a reference thereto under the heading "alimony," hence, was not enforceable by contempt proceedings.

3. Same—Costs.

No costs are allowed husband who appealed from order for wife on her petition to clarify terms of decree of divorce although he succeeded in getting orders reversed.

Appeal from Allegan; Smith (Raymond L.), J. Submitted June 5, 1953. (Docket No. 51, Calendar No. 45,590.) Decided October 5, 1953.

Divorce proceeding between Winifred G. Thomas and George E. Thomas. On petitions for clarification of decree and attachment for contempt of court. Decree clarified and motion to dismiss contempt proceedings denied. Defendant appeals. Reversed.

*Harry Pell,* for plaintiff.

*Mason, Stratton, Kent & Wise,* for defendant.

Dethmers, C. J. On May 10, 1950, decree entered granting plaintiff a divorce. Under the heading "Property Settlement" the decree awarded to plaintiff the home of parties, subject to a mortgage, together with all personal property, furnishings and furniture in or used in connection therewith, awarded defendant an automobile and, in addition, contained the requirement that defendant pay plaintiff:

"The sum of $5,000 which sum shall be paid at the rate of $100 monthly beginning 30 days from date hereof and to be paid to the county clerk for said plaintiff, and if said George E. Thomas shall make such payments as hereby required according to the terms hereof then he shall be free from any obliga-

tion under the mortgage now standing against the real estate herein described."

Next in the decree, under the heading "Alimony", defendant was ordered to make the payments set forth in the preceding paragraph and, further, to pay premiums when due on certain life insurance policies in which plaintiff was named beneficiary.

More than 2 months later, on August 5, 1950, plaintiff filed a petition for a supplemental decree or order clarifying the original decree by designating the monthly payments therein required to be made as permanent alimony. An order granting that petition and purporting to clarify the original decree to that effect was entered on December 17, 1951. On that same date, plaintiff filed petition for attachment against defendant for failure to make the noted monthly payments. On December 21, 1951, defendant filed motion for dismissal of the petition and order for attachment, which was ordered denied on January 10, 1952. From those 2 orders defendant here appeals.

The petition for supplemental decree was, in effect, for rehearing within the meaning of Michigan Court Rule No 48, § 1 (1945), which prohibits application therefor after 2 months from entry of final decree except under circumstances not applicable here. The petition was not filed within such period. Applicable is the following from *Stoutenburg* v. *Stoutenburg*, 285 Mich 505:

"If the amended decree of July 2, 1937, was a decree for alimony or the support of the daughter, contempt will lie and no further amendment was necessary. If it was not such a decree, contempt will not lie and the amendment of November 24, 1937, to the amended decree, was of no effect, since the time permitted under Court Rule No 48, § 1 (1933), for application for rehearing had expired when the peti-

tion to amend was filed on November 12, 1937. *Naylor* v. *Washtenaw Circuit Judge,* 250 Mich 698. The amendment sought was not for the correction of clerical errors, but for entering a different decree. Any amendment in the substance of a decree has the effect of a rehearing."

The order of December 17, 1951, in clarification of the decree, being, for the reason noted, ineffective to transform the requirement of monthly payments into a provision for alimony if it was not already so in the original decree, we are confronted with the question of the nature of that provision in the first instance.

Michigan Court Rule No 51, § 5 (1945), provides that in every decree for divorce provisions made for property settlement shall be embodied in a separate paragraph prefaced by the heading "Property Settlement" and provisions made for alimony shall be embodied in a separate paragraph prefaced "Alimony". In the instant case the detailed provisions for payment by defendant to plaintiff of the sum of $5,000 at the rate of $100 monthly are embodied in a separate and distinct paragraph prefaced by the heading "Property Settlement". In that same paragraph it is provided that, if defendant "shall make such payments as hereby required, * * * he shall be free from any obligation under the mortgage now standing against the real estate" awarded under that same heading to plaintiff. This manifests a purpose to effect a property settlement and give plaintiff a home free from debt. The provision cannot partake of the nature of both property settlement and alimony. It must be one or the other. We hold that it was part of the property settlement. Reference thereto under the heading "Alimony" did not serve to alter it.

The property settlement provisions of a decree of divorce may not be enforced by contempt proceed-

ings. *Sturgis* v. *Sturgis*, 300 Mich 438; *Shafer* v. *Shafer*, 257 Mich 372; *Belting* v. *Wayne Circuit Judge*, 245 Mich 111; *Harner* v. *Harner*, 255 Mich 515.

Orders reversed. Contempt proceedings dismissed. No costs.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

BOYLES, J., did not sit.