## SCHAHEEN *v.* SCHAHEEN

1. CONTEMPT—DIVORCE—REFUSAL TO CONVEY REAL PROPERTY.
   Refusal to convey real property located in a foreign country under the provisions of divorce judgment *held,* to subject the husband to contempt proceedings.

2. CONTEMPT—DIVORCE—PROPERTY SETTLEMENT.
   Property settlement provisions of a divorce decree or judgment have generally been held not to be enforceable by contempt proceedings, but there are instances where the rule has been relaxed as where a specific fund or article is involved.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur 2d, Contempt § 40.
24 Am Jur 2d, Divorce and Separation §§ 757, 936, 944.
[2] 24 Am Jur 2d, Divorce and Separation §§ 921, 944.

Appeal from Wayne, Cornelia G. Kennedy, J. Submitted Division 1 April 8, 1969, at Detroit. (Docket No. 3,780.) Decided April 23, 1969.

Complaint by Solomon S. Schaheen against Nabiha A. Schaheen for divorce. Judgment for defendant on counterclaim for divorce. Plaintiff was convicted of contempt of court, and appeals. Affirmed.

*Frederick J. Plotts,* for plaintiff.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendant.

BEFORE: HOLBROOK, P. J., and LEVIN and PRATT,* JJ.

PRATT, J. One of the marital assets in this suit for divorce was income-producing real property situated in Beirut, Lebanon. Under the terms of the judgment of divorce, plaintiff Solomon S. Schaheen was ordered to convey that property to his wife.

The plaintiff husband refused in open court to convey the property in accordance with the judgment, was found guilty of contempt, and sentenced to a term in the Detroit House of Correction. From the finding and sentence of contempt plaintiff appeals.

The issue is whether the refusal to convey, under the provisions of a divorce judgment, real property located in a foreign country subjects the plaintiff husband to contempt proceedings.

While it has been generally held in this state that the property settlement provisions of a divorce

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

decree or judgment may not be enforced by contempt proceedings, *Thomas* v. *Thomas* (1953), 337 Mich 510; *McFarlane* v. *McFarlane* (1941), 298 Mich 595, there are instances where the rule has been relaxed as where a specific fund or article is involved.

In *Carnahan* v. *Carnahan* (1906), 143 Mich 390, the trial court awarded to the husband in a divorce case a portion of a fund located in Canada and controlled by the wife. The Supreme Court in affirming the finding of contempt for the wife's refusal to make payment in accordance with the decree, said at pp 396, 397:

"It has been found, and adjudicated, that of this property she has in her control, beyond the jurisdiction of the court, on deposit, the amount, a sum which equitably belongs to him, and that she turn over and pay this sum. This is not a decree for the payment of money in the ordinary sense. It is not subject to the exemption law. The decree requires delivery of the specific thing—*i.e.,* the fund—in contradistinction to the payment of a debt, and a writ of execution is not appropriate in such a case."

Relying on *Carnahan,* the Supreme Court in *In re Ridgley* (1932), 261 Mich 42, upheld in an accounting suit the invocation of contempt proceedings against a husband's brother who refused to pay to the clerk of the court certain specific, identifiable sums of money which at the time he had in his possession and control.

In *Burton* v. *Wayne Circuit Judge* (1949), 325 Mich 159, the Supreme Court permitted the use of contempt proceedings to enforce a decree ordering the return of certain personal property, saying at p 166:

"Defendant has been deprived of his property and is entitled to its return. A judgment for damages for the value of the goods might be ineffective and

it also would take time and expense to obtain a judgment in trespass; and it would mean considerable expense to defendant even if he were to sue out a *capias ad respondendum* or *capias ad satisfaciendum,* if he were entitled to such writs. For a long period defendant would not have the use of his household goods. The trial judge gave plaintiff ample time to return the goods before he adjudged him guilty of contempt. Plaintiff could easily have purged himself of the contempt by returning the goods. Surely the court has the power to enforce its order under the circumstances of the case, in which goods are obtained by an illegal process, followed by a flagrant disobedience of the order of the court to return the goods."

The extension of this specific fund principle illustrated by the above cases to title to real property located without the State is logical and equitable. Such application finds additional force in the principle, recognized by the United States Supreme Court, that a court may compel execution of a deed to land located outside a court's jurisdiction by acting *in personam,* and the conveyance is effective to convey title. *Fall* v. *Eastin* (1909), 215 US 1 (30 S Ct 3, 54 L Ed 65).

Under the circumstances here present, the invocation of contempt proceedings and the imposition of the sanction were proper and valid.

The order adjudicating plaintiff husband guilty of contempt is affirmed and the matter remanded for enforcement. Appellee is awarded her costs.

All concurred.