Barbara **HINCHEE**, Petitioner,

v.

**SECURITY NATIONAL BANK,**
Respondent.

No. 5277.

Supreme Court of Alaska.

March 13, 1981.

---

1. For a more complete discussion of the background of this case, *see Williams v. City of Valdez*, 603 P.2d 483, 485–87 (Alaska 1979).

Jeffrey H. Roth, Jensen, Harris & Roth, Anchorage, for petitioner.

Walter H. Garretson, Garretson & Jarvi, Anchorage, for respondent.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

MATTHEWS, Justice.

Petitioner and her husband own a condominium in Hawaii as tenants by the entirety. Petitioner owes a debt to respondent, Security National Bank, which has been reduced to judgment. The bank moved for an order requiring petitioner to apply her interest in the condominium toward satisfaction of the judgment. In response to the motion the court entered an order restraining petitioner from disposing of her interest in the condominium and referred the question of how her interest should be applied to the judgment to the standing master of the court.

Under Hawaiian law,[1] real property held in a tenancy by the entirety may not be sold or alienated by one spouse only and is not subject to levy and execution for the debt of one spouse. *Sawada v. Endo,* 57 Haw. 608, 561 P.2d 1291, 1295–96 (1977). Therefore petitioner does not have the right to sell or mortgage her interest in the condominium without her husband's consent.

The power of the superior court to compel a party to convey land located outside of Alaska in aid of a judgment is not to be doubted.[2] However, the court when doing so can neither grant to the party to whom the order is directed an ownership incident which she does not possess nor increase her estate at the expense of others holding interests in the property. Any order forcing petitioner to convey her interest in the condominium to the bank, or to alienate it for the benefit of the bank, would be necessarily inconsistent with her estate

1. The law of the situs of real property establishes the incidents of ownership to it. Restatement (Second) Conflict of Laws, Introductory Note § 223, at 7 (1971); *Hardy v. Hardy,* 250 F.Supp. 956, 960 (D.C.D.C.1966).

2. *Fall v. Eastin,* 215 U.S. 1, 8, 30 S.Ct. 3, 6, 54 L.Ed. 65, 69 (1909); *Schaheen v. Schaheen,* 17 Mich.App. 147, 169 N.W.2d 117, 118 (1969).

therein as defined by Hawaiian law and would therefore be invalid.

The order of the superior court is RE-VERSED.