**ALASKA AIRLINES, INC.,
Plaintiff–Appellant–Cross–Appellee,**

v.

**UNITED AIRLINES, INC.,
Defendant–Appellee–Cross–Appellant.**

Nos. 89–35054, 89–35226.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 1990.

Decided May 7, 1990.

James N. Leik, Perkins, Coie, Anchorage, Alaska, for plaintiff-appellant-cross-appellee.

J. Craig Busey, United Airlines, Inc., Chicago, Ill., David W. Oesting, Davis, Wright & Jones, Anchorage, Alaska, for defendant-appellee-cross-appellant.

Before KOELSCH, ALARCON and RYMER, Circuit Judges.

RYMER, Circuit Judge:

United Airlines, Inc. ("United") appeals the district court's grant of attorneys' fees and prejudgment interest to Alaska Airlines pursuant to Alaska state law. United argues that the district court erroneously applied Alaska law when the contract at issue expressly provided for the application of Illinois law to all disputes arising under the agreement. Because this case involves issues of first impression under Alaska law, we certify three questions to the Alaska Supreme Court.

I

In 1982 Alaska Airlines contracted with United for the display and sale of Alaska Airline's flights through United's computerized reservation system, Apollo. Under the contract, Alaska Airlines' schedules received display priority on the reservation system, and Alaska Airlines was exempted from paying "booking fees" to United for 67 months. In return, Alaska agreed to use its contacts with travel agencies in Alaska to establish the Apollo system in that State. Alaska Airlines also agreed to buy Apollo computer hardware, and install and maintain it in Alaskan travel agencies. The contract contained a choice of law clause which read *"Governing Law.* Except as otherwise expressly provided herein, this Agreement and any disputes arising hereunder shall be governed by the laws of the state of Illinois." Alaska Airlines fulfilled its contractual obligations, purchasing and installing the Apollo equipment.

In July 1984, the Civil Aeronautics Board ("CAB") promulgated regulations governing computer reservation systems which prohibited preferential scheduling displays and discriminatory fee schedules of the type employed by United and Alaska Airlines. In light of the new regulations, United abrogated the contract and insisted that a new contract be adopted. While signing the new contract under protest,

Alaska Airlines filed a diversity action in the District of Alaska federal court.

Alaska Airlines' second amended complaint alleged causes of action for a declaration that terms of the 1982 contract not in conflict with the CAB regulations remain in effect; breach of contract; and restitution. The district court ruled that the illegal portions of the contract could not be severed so the "whole contract must ... fail." As a result, completion of the contract became impossible and the court accordingly dismissed the first two causes of action. The case went to trial on the restitution theory and Alaska Airlines was awarded $1.47 million.

Alaska Airlines then filed post-trial motions for prejudgment interest and attorneys' fees. The district court initially ruled that the choice of law provision in the contract required that Illinois law be applied. In accordance with Illinois law the court denied both motions. Alaska Airlines moved for reconsideration. The district court reversed itself and decided that Alaska, not Illinois, law was applicable. As a result, the court awarded both prejudgment interest and attorneys' fees to Alaska Airlines pursuant to Alaska law. United now appeals the award of prejudgment interest and attorneys' fees.

■ This court reviews de novo a district court's decision concerning the appropriate choice of law. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 641 (9th Cir. 1988); *Pereira v. Utah Transp., Inc.*, 764 F.2d 686, 689 (9th Cir.1985), *cert. dismissed*, 475 U.S. 1040, 106 S.Ct. 1253, 89 L.Ed.2d 362 (1986).

## II

■ In a diversity action, the federal district court must apply the choice of law rules prevailing in the state where the court is located. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Thus, the district court was bound to apply Alaska choice of law rules in determining whether Alaska's or Illinois' law applies in this case.

Although no Alaska cases are directly on point, the Alaska Supreme Court has looked to the principles set forth in the Restatement (Second) of Conflicts ("Restatement") in resolving choice of law questions. *See, e.g., Ehredt v. DeHavilland Aircraft Co.*, 705 P.2d 446, 453 (Alaska 1985); *Hinchee v. Security Nat'l Bank*, 624 P.2d 821 (Alaska 1981).

■ Applying these principles, Alaska Airlines proffers three justifications for affirming the district court. The first two arguments we find unpersuasive; the third argument presents determinative issues of law not yet resolved by the Alaska Supreme Court. We certify three questions to the Alaska Supreme Court in order to resolve these determinative issues of state law.[1]

### A. Restitution

■ Appellee argues that because this is an action for restitution, the Restatement dictates an application of Alaska law. Section 221(1) of the Restatement states:

(1) In actions for restitution, the rights and liabilities of the parties with respect to the particular issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

Alaska Airlines argues that because all significant contacts are with Alaska, not Illinois, Alaskan law should apply. However, comment (d) to § 221 states that

---

1. Neither party has requested certification. However, we believe certification is appropriate because the question of whether the awarding of attorneys' fees and prejudgment interest is so fundamental as to override an otherwise valid choice of law provision is a close one, and the issue is important to Alaska in terms of comity. *See In re Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir.1984). The certification may cause

delay, but that is not significant in this case given the status of the parties and the posture of the case—there is only a single post-judgment issue which needs to be resolved. *See id.* Additionally, the legal issue presented can be framed to produce a helpful response by the state, and the resolution of this legal issue will be determinative in this case. *See id.* at 681–82.

[w]hen the enrichment was received in the course of the performance of a contract between the parties, the law selected by application of the rules of §§ 187–188 will presumably govern one party's rights in restitution against the other. *The applicable law will be that chosen by the parties* if they have made an effective choice under the circumstances stated in § 187. (emphasis added). Because the enrichment claimed in this case was received in the course of performing the contract, issues arising in the restitution action are to be resolved in accordance with the law adopted in the choice of law provision and appellee's argument accordingly fails.

### B. Void Contract

■ Alaska Airlines next argues that because the contract itself is void (because performance has been rendered illegal), the choice of law provision within the contract is also void. The Ninth Circuit has not addressed this particular issue, but we find *First Commodity Traders v. Heinold Commodities, Inc.*, 591 F.Supp. 812 (N.D. Ill.1984), *aff'd*, 766 F.2d 1007 (7th Cir.1985), well reasoned. Plaintiff there had alleged causes of action for breach of contract and unjust enrichment (restitution). The contract provided that Illinois law was applicable. Despite summary judgment for the defendant on the claim for breach of contract, on the ground that it was justifiably terminated, Illinois law was applied to the restitution claim. The court reasoned that it was appropriate to apply the choice of law clause to the unjust enrichment claim because the equitable claim was "closely related to the parties' contractual relationship." 591 F.Supp. at 815 (footnote omitted). Similarly, in this case the restitution claim has only to do with performance of the contract. Although the contract was later declared void, it is not inappropriate to apply the choice of law clause to all claims arising out of it, including restitution. Therefore, the contractual choice of law provision is applicable.

### C. Restatement § 187

The most significant but problematic issue presented is the application of Restatement § 187, which states:

Law of the state chosen by the parties

(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Appellant argues that, under Alaska law, the parties were free to resolve the issues of prejudgment interest and attorneys' fees by explicit contractual provision. Therefore, pursuant to § 187(1), Illinois law must be applied. United argues in the alternative that even if subsection (2) is applicable, awarding attorneys' fees and prejudgment interest are not fundamental policies of Alaska law. Thus, Illinois law is still properly applied.

Alaska Airlines argues that § 187(1) is not applicable in Alaska and that, under a subsection (2) analysis, Alaskan law must be applied because the awarding of attorneys' fees and prejudgment interest are fundamental Alaskan policies. We are thus confronted with three questions on which we think guidance of the Alaska Supreme Court would be helpful.

1. Does Alaska apply § 187(1) of the Restatement or does it always apply the fundamental policy exception of § 187(2)?

It is unclear whether the § 187(1) analysis, which has no exceptions, would be applied by Alaska state courts. Other states which generally follow the Restatement have declined to apply § 187(1) and instead have evaluated the fundamental policy issue of § 187(2). *See, e.g., Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 641 (9th Cir.1988) ("Washington law gives effect to an express choice of law clause in a contract as long as application of the chosen law does not violate Washington's fundamental public policy."); *Sarlot–Kantarjian v. First Pennsylvania Mortgage Trust*, 599 F.2d 915, 917 (9th Cir.1979) (under California law, contractual choice of law provisions will be rejected unless transaction falls into one of two exceptions outlined in § 187(2). Section 187(1) was not applied by court).

However, no Alaska state case law has addressed the question of whether Alaska will employ the fundamental policy analysis of § 187(2) in determining if an otherwise valid choice of law provision will be enforced.[2] If the Alaska Supreme Court will apply the terms of § 187(1), which is facially applicable here, the district court was mistaken in refusing to apply Illinois law. If, on the other hand, the Alaska Supreme Court will apply the fundamental policy analysis, we must then ask whether awarding attorneys' fees and prejudgment interest are fundamental policies of Alaska sufficient to override an otherwise valid choice of law provision.

2. Is the granting of attorneys' fees a matter of fundamental public policy, sufficient to override an otherwise valid choice of law provision?

The Alaska Supreme Court in dicta has stated that even when foreign substantive law would apply, the awarding of attorneys' fees still will be governed by Alaska law because attorneys' fees are not an item of damages. *Ehredt v. DeHavilland Air-*

craft Co.*, 705 P.2d at 452 n. 8. While perhaps indicative of the fact that Alaska would consider the granting of attorneys' fees a fundamental public policy, no case law definitively resolves this question in the context of a choice of law clause.

3. Is the granting of prejudgment interest a matter of fundamental public policy, sufficient to override an otherwise valid choice of law provision?

Prejudgment interest, unlike attorneys' fees, is an element of compensatory damages. *Ehredt v. DeHavilland Aircraft Co.*, 705 P.2d at 452. However, even when labelled as such, it is unclear whether an Alaska court would recognize the Illinois choice of law clause with respect to the awarding of prejudgment interest.

The Alaska Supreme Court has not decided whether the awarding of prejudgment interest is a matter of fundamental public policy such that it overrides a choice of law clause. The Court has indicated that awarding prejudgment interest is generally desirable as a matter of public policy. *See, e.g., State v. Phillips*, 470 P.2d 266, 273–74 n. 27 (Alaska 1970) ("The award of prejudgment interest generally is desirable as a policy matter …"); *Drickersen v. Drickersen*, 604 P.2d 1082, 1087 n. 8 (Alaska 1979) ("[T]here is a major policy consideration behind the decision to award prejudgment interest: '[F]ailure to award prejudgment interest creates a substantial financial incentive for defendants to litigate even where liability is so clear and the jury award so predictable that they should settle.'") (quoting *State v. Phillips*, 470 P.2d at 274). However, the Alaska Supreme Court has never specifically held that, for purposes of choice of law decisions, the awarding of prejudgment interest is of such fundamental importance to Alaska to justify overriding an otherwise valid choice of law provision.[3]

---

**2.** While dicta in Alaska case law does suggest that in some circumstances the state courts will consider the awarding of attorneys' fees and prejudgment interest to be of fundamental importance, these cases do not reach the question of whether the awarding of fees and interest is so fundamental as to override a valid choice of

law clause. *See, e.g., Ehredt v. DeHavilland Aircraft Co.*, 705 P.2d 446, 452 n. 8 (Alaska 1985); *Drickersen v. Drickersen*, 604 P.2d 1082, 1087 n. 8 (Alaska 1979).

**3.** Neither *Phillips* nor *Drickersen* expressly held that, as a matter of law, choice of law provisions will not be enforced when in conflict with

## ORDER

We find that questions of state law will be determinative in the cause of action currently pending in this court. We additionally find that there is no controlling precedent in the decisions of the Alaska Supreme Court on these issues.

"Use of certification rests in the sound discretion of this court." *In re Complaint of McLinn,* 744 F.2d 677, 681 (1984). We accordingly certify the following questions to the Alaska Supreme Court:

1. In determining whether to apply an otherwise valid contractual choice of law provision calling for the application of Illinois law, will Alaska courts apply the Restatement § 187(2) analysis, thus refusing to apply Illinois law when to do so would contravene a fundamental policy of Alaska?

2. Is the granting of attorneys' fees in a civil case a matter of fundamental public policy in Alaska, sufficient to override an otherwise valid choice of law provision which would apply Illinois law and preclude the awarding of such fees?

3. Is the granting of prejudgment interest in a civil case a matter of fundamental public policy in Alaska, sufficient to override an otherwise valid choice of law provision which would apply Illinois law and preclude the awarding of such interest?

We respectfully request the Alaska Supreme Court to exercise its discretionary authority under Alaska Appellate Rule 407 to accept and decide these questions. Our phrasing of the question should not restrict the court's consideration of the problems and issues involved. If the Alaska Supreme Court declines certification, it should so state, and we will resolve the issues according to our perception of Alaska law.

The Clerk will file a certified copy of our Order with the Alaska Supreme Court pursuant to Alaska Appellate Rule 407(d). This panel retains jurisdiction over further proceedings in this Court. If the Alaska Supreme Court answers all the questions in the affirmative, we affirm the district court's order in its entirety. If the court answers question one in the negative, we reverse the district court's decision in its entirety. If the court answers questions one and two in the affirmative and three in the negative, we affirm the district court's ruling with regard to awarding attorneys' fees and reverse with respect to the awarding of prejudgment interest. If the court answers questions one and three in the affirmative and two in the negative, we affirm the district court with regard to prejudgment interest and reverse with regard to attorneys' fees. The parties shall notify the Clerk within one week after the Alaska Supreme Court accepts or rejects certification, and again within one week if that court renders an opinion.

SO ORDERED.

---

a fundamental state policy. Rather, those decisions simply asserted that there are strong poli-cy reasons for granting prejudgment interest.