## GUYNN v GUYNN

Docket No. 131168. Submitted December 4, 1991, at Detroit. Decided
April 21, 1992, at 9:20 A.M. Leave to appeal sought.

William R. Guynn obtained a divorce from Pauline G. Guynn in
the Oakland Circuit Court, and was ordered to make monthly
payments to the defendant as part of the property settlement.
The plaintiff subsequently failed to make a monthly payment,
and the defendant petitioned for an order to show cause why
the plaintiff should not be held in contempt for failing to make
the payment. The court, Barry L. Howard, J., found the plain-
tiff in contempt and committed him to the county jail for thirty
days or until he paid the arrearage, court costs, and the
defendant's attorney fees. The plaintiff appealed.

The Court of Appeals *held:*

1. A provision of a divorce judgment that requires one party
to pay money to the other party as part of the property
settlement may not be enforced through contempt proceedings.

2. The trial court, on remand, should consider whether the
plaintiff is entitled to sanctions under MCR 2.114(E) and MCR
2.625(A)(2).

Order vacated and case remanded.

MARILYN KELLY, J., concurring, stated that the decision by
the Court of Appeals is regrettable, but compelled by current
law, and that corrective legislation or expansive interpretation
of the contempt powers of courts under MCL 600.1701; MSA
27A.1701 is needed to enable circuit courts to enforce property
settlement provisions of divorce judgments through contempt
proceedings.

DIVORCE — PROPERTY SETTLEMENTS — ENFORCEMENT — CONTEMPT.

A provision of a divorce judgment that requires one party to pay
money to the other party as part of the property settlement
may not be enforced through contempt proceedings.

### REFERENCES

Am Jur 2d, Contempt § 145; Divorce and Separation § 961; Husband
and Wife § 415.
Divorce: propriety of using contempt proceeding to enforce property
settlement award or order. 72 ALR4th 298.

*Dean & Fulkerson, P.C.* (by *George W. Burnard*), for the plaintiff.

*Henry Baskin*, for the defendant.

Before: SAWYER, P.J., and GILLIS and MARILYN KELLY, JJ.

PER CURIAM. Plaintiff appeals from an order of the circuit court finding him in contempt of court and committing him to the Oakland County Jail for thirty days, unless he purged himself of the contempt. We reverse.

This dispute arises from the enforcement of a previously entered judgment of divorce. The property settlement provisions of the judgment provided, inter alia, for a cash payment from plaintiff to defendant of $80,000. Plaintiff was to pay in monthly installments of $1,300, and the award carried interest at the rate of seven percent per annum. On May 2, 1990, defendant filed a petition for an order to show cause because the payment due on May 1, 1990, had not been received.[1] The trial court found plaintiff in contempt for failing to make the May 1990 payment on time and committed him to the Oakland County Jail for the thirty-day period, or until he paid the $1,300 payment, plus court costs in the amount of $250 and defendant's attorney fees in the amount of $500. Plaintiff purged himself of the contempt within an hour.

Michigan law is clear that property-settlement provisions of a divorce judgment may not be enforced by contempt proceedings. *Thomas v*

---

[1] Apparently there had been earlier difficulties with plaintiff making timely payments. However, it appears that at the hearing on the order to show cause, which was held on May 16, 1990, plaintiff was in arrears only with respect to the May 1990 payment.

*Thomas,* 337 Mich 510, 513-514; 60 NW2d 331 (1953); *Chisnell v Chisnell,* 99 Mich App 311, 320; 297 NW2d 909 (1980). The cases cited by defendant holding that contempt proceedings may be utilized to enforce the property settlement provisions of a divorce judgment are not on point.

*Carnahan v Carnahan,* 143 Mich 390; 107 NW 73 (1906), not only predates the *Thomas* decision, but acknowledges that the general rule is that property settlement provisions of a divorce decree are not enforceable through contempt proceedings. *Carnahan, supra* at 396. The Court in *Carnahan* allowed the use of contempt proceedings because the decree required the delivery of a specific fund of money that the contemnor had on deposit outside the jurisdiction of the court, specifically, in Canada. The Supreme Court reasoned that the decree did not require the payment of money in the ordinary sense, for which contempt proceedings would not be appropriate, but required the delivery of a specific thing, the fund, which was outside the jurisdiction of the court. *Id.* at 396-397. Similarly, in *Schaheen v Schaheen,* 17 Mich App 147; 169 NW2d 117 (1969), this Court, relying in part on *Carnahan,* upheld the use of contempt powers to enforce a provision in a judgment of divorce requiring transfer of certain real property located outside the jurisdiction of the court, namely, in Beruit, Lebanon.

The case at bar does not involve the delivery of any specific piece of property, located either within or without the jurisdiction of the court, but, rather, merely involves a judgment requiring the payment of money as part of the property settlement of this divorce. Accordingly, the trial court was without authority to utilize its contempt powers to force compliance with this portion of the judgment of divorce. Rather, defendant must pur-

sue the traditional means of collecting a money judgment.

Accordingly, the trial court's order finding plaintiff in contempt is vacated, and plaintiff shall be reimbursed the $250 in court costs and $500 in attorney fees paid pursuant to the contempt order.

Plaintiff also argues that he is entitled to sanctions under MCR 2.114(E) and MCR 2.625(A)(2) because defendant's motion for an order to show cause was frivolous because it was not well grounded in existing law inasmuch as the trial court had no authority to use its contempt powers to enforce the property settlement provisions of the divorce judgment. Plaintiff is correct that defendant's position was not well grounded in existing law, which is well settled on this point. However, we decline to order the imposition of sanctions at this time inasmuch as the issue was obviously not addressed by the trial court. Rather, on remand, the trial court shall consider whether sanctions are appropriate in this case and, if so, in what amount.

The order of contempt is vacated, and the matter is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

Marilyn Kelly, J. (concurring). This is a regrettable decision. It should be possible for this Court, acting within the law, to affirm the trial court's ruling.

As appellee points out, exceptions have long existed to the general rule that judges in divorce proceedings may not enforce property distribution provisions through the power of contempt.

I submit that the exceptions were created in an effort to fill a serious inadequacy in the law. Persistently, one party to a divorce finds himself

or herself in need of help from the courts to compel compliance with provisions in the judgment. He learns that alimony and child support enforcement is directly available through the divorcing judge; anomalously, however, he is obliged to commence a new and separate civil action, with all its attendant delay and expense, to force compliance with property provisions. The offending party is subject to a contempt citation from the divorcing judge should he refuse to pay alimony or child support. However, he may with impunity defy the same judge by refusing to turn over other property as ordered.

The aggrieved party, often a woman with custody over the parties' children, is frequently in immediate need of the property awarded her for her and the children's support or well-being. That party is also the least likely to have available funds for a separate enforcement action. The legal logic that forces her to initiate a new lawsuit before a different judge must appear to her to be extremely flawed.

Corrective legislation is needed. In the alternative, the Supreme Court could specifically extend the inherent authority which resides in the trial courts to enforce their own directives. It could interpret the statute which provides the courts' contempt power to embrace enforcement of the property distribution provisions of divorce judgments. MCL 600.1701(g); MSA 27A.1701(g).