310

Charles R. LEWIS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 27468.

United States District Court
E. D. Michigan, S. D.

Sept. 27, 1968.

Edmund B. Brownell, L. Keith Borgerson, Flint, Mich., for plaintiff.

Mitchell Rogovin, Asst. Atty. Gen., David A. Wilson, Jr., Donald R. Anderson, Attys., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Milton Trumbauer, Asst. U. S. Atty., Detroit, Mich., for defendant.

OPINION

THORNTON, District Judge.

■ This is a tax refund case. Cross motions for summary judgment have been filed by the parties. They have been submitted to the Court for determination on the basis of a Stipulation of Facts filed herein, briefs and oral argument. At issue is the question whether certain transfers of General Motors shares of stock by plaintiff to his ex-wife pursuant to the terms of a decree of divorce are to be categorized as alimony or as property settlement for purposes of the federal income tax laws. If they partake of the nature of alimony they are includable in the gross income of the transferee, and allowable as a deduction from the transferor's gross income. If they are allocable to property settlement they are not deductible from the transferor's gross income.

The refund here sought by plaintiff is for income taxes and assessed interest in the amount of $6,418.98. The years involved are 1959, 1960 and 1961. For each of those years plaintiff took a deduction on his Federal Income Tax Return for the fair market value of the General Motors shares of stock transferred by him to his ex-wife. Such deductions were disallowed by the Internal Revenue Service on the theory that the transfers were allocable to property settlement, and deficiencies and interest were assessed against plaintiff for each of the three years. Plaintiff paid the deficiencies and here sues for refund.

We will proceed first to describe plaintiff's situation with respect to the General Motors shares of stock transferred by him to his ex-wife during the years 1959, 1960 and 1961. (The Decree of

Divorce was entered February 5, 1959 and an Order Amending Decree of Divorce entered August 22, 1960.) The shares transferred by plaintiff were acquired by him by virtue of a General Motors bonus plan. Briefly stated, the plan, insofar as here relevant, provides/provided for a bonus award of X shares of General Motors stock in year X. It appears that at the time of the award only 20% of it would be delivered to the beneficiary of the plan. The balance would be deliverable to him over the following 4-year period—year X +1, year X +2, year X +3 and year X +4— in equal amounts each year. He might receive additional awards in years subsequent to the first year, and these would follow the same pattern for delivery to him. He might, therefore, in year X +4 receive stock award partial deliveries for awards made to him for that year, plus each of several previous years. The company did/does, however, place a restriction on the right to receive the stock over the 5-year period, making it discretionary with the Bonus and Salary Committee to decide if a beneficiary should lose his right to receive any part of his award because any act or conduct of his had been "inimical or in any way contrary to the best interests of the Corporation." It is, therefore, clear that a stock bonus award was/is not a guarantee of delivery of the stock.

Pertinent here are certain sections of the Internal Revenue Code of 1954. They are as follows:

"26 U.S.C.A. § 71. Alimony and separate maintenance payments

(a) General rule.—

(1) Decree of divorce or separate maintenance.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

(c) Principal sum paid in installments.—

(1) General rule.—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.

(2) Where period for payment is more than 10 years.—If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received.

26 U.S.C.A. § 215. Alimony, etc., payments

(a) General rule.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71 (d) or 682, the amount thereof is

not includible in the husband's gross income."

Now we turn to the provisions of the Decree of Divorce and of the Order Amending Decree of Divorce. The Decree of Divorce entered February 5, 1959 commences with two paragraphs containing the customary language concerning the proof of the grounds of divorce and the order of dissolution of the marriage. The third paragraph is headed "ALIMONY." It awards alimony in the sum of $400.00 per month to the ex-wife as permanent alimony "as long as she lives and remains unmarried." The amount is reduced to $300.00 per month upon the retirement of plaintiff. This paragraph also contains a provision for the ex-wife to have a lien against plaintiff's property for failure to make the payments and "likewise have a lien against the GENERAL MOTORS CORPORATION, or any other Corporation, or employer, and a claim against the GENERAL MOTORS CORPORATION, for her ONE-HALF interest in the 'Rotating Stock', or 'Unearned Stock', if he should fail to turn the same over to her, immediately upon his receipt thereof;". This latter part of the paragraph under "ALIMONY," above quoted, was subsequently deleted in the Order Amending Decree of Divorce.

The remainder of the Decree of Divorce consists of a section headed "PROPERTY SETTLEMENT" containing twelve paragraphs, a section headed "DOWER," and a final section headed "ATTORNEY FEES." The section headed "PROPERTY SETTLEMENT" concerns disposition of the home of the parties to plaintiff's ex-wife; disposition and/or division of furniture and household belongings plus some personal items; division of automobiles; division of General Motors stock in the amount of 1,346 shares (½ to each party); division of bank account balances (½ to each party); release of mortgage redemption policy rights by plaintiff to his ex-wife; equitable division of rights under several insurance policies; payment of current bills by plaintiff; division of bonus plan stock equally between the parties. This last is contained in the ninth paragraph in the section headed "PROPERTY SETTLEMENT" at page 7 of the Decree of Divorce. The Order Amending Decree of Divorce provided, in relation to the bonus plan stock, as follows:

"IT IS ORDERED that the paragraph relative to the bonus plan, referred to as 'Rotating Stock' or 'Unearned Stock', under the title 'Property Settlement' on page 7, shall be and hereby *is deleted* from the said Decree and the following provision inserted in its place:

'IT IS FURTHER ORDERED, ADJUDGED and DECREED that the said plaintiff, LEAFA M. LEWIS, shall be and hereby is awarded one-half (½) of all General Motor Corporation stock that has been allocated to the defendant, CHARLES R. LEWIS, under the bonus plan commonly referred to as "Rotating Stock" or "Unearned Stock," which has been set up as not less than:

Eighty-eight (88) shares in 1954

Sixty-six (66) shares in 1955

Fifty-six (56) shares in 1956

Sixty-four (64) shares in 1957

Fifty-two (52) shares in 1958

and that such division of stock shall be effective for a period of five (5) years, commencing as of March, 1959, and that the said defendant, CHARLES R. LEWIS, shall give to the said plaintiff, LEAFA M. LEWIS, in accordance with the above schedule, the following shares of General Motors Corporation stock:

One hundred sixty-three (163) shares in January, 1959 (heretofore delivered to plaintiff on or about date of decree in this cause).

One hundred nineteen (119) shares in January, 1960.

Eighty-seven (87) shares in January, 1961.

Fifty-eight (58) shares in January, 1962.

Twenty-seven (27) shares in January, 1963.

and that the said plaintiff, LEAFA M. LEWIS, shall also receive from the said defendant, CHARLES R. LEWIS, all interest accrued or paid and increment in value to any stock to which she is entitled as of the actual date of delivery of the stock to her;' "

The shares transferred by plaintiff for the years 1959 through 1961, in accordance with the above provision, were 26, 119, and 87, a total of 232. The excess over 52 shares (275) received by him in 1959 was for the awards for the years 1954–1957, were received by plaintiff prior to the Divorce Decree and included in a separate lot of shares divided evenly between plaintiff and his ex-wife as provided for in another paragraph under the PROPERTY SETTLEMENT section of the Divorce Decree. Involved here, therefore, are 232 shares, transferred to plaintiff's ex-wife, representing half of what plaintiff received subsequent to the Divorce Decree, for the years 1959–1961.

It is plaintiff's position that the stock bonus plan transfers effected by him for the years here in question pursuant to the ninth paragraph of the PROPERTY SETTLEMENT, as revised in the ORDER AMENDING DECREE OF DIVORCE, were periodic payments. The government's position is that they were not. As we understand it, plaintiff's position seems to be based mainly on the contingent nature of the bonus award and on the fact of the transfer by plaintiff to his ex-wife to take place over a 5-year period rather than in a lump-sum payment. Plaintiff in his brief makes other argument going to the point that the transfer here constitutes periodic payments within the meaning of 26 U.S.C.A. § 71(a).

In the State of Michigan there is a requirement that a divorce decree shall separately state the provisions for alimony and those for property settlement under such headings. This decree does that. The Supreme Court of Michigan in Thomas v. Thomas, 337 Mich. 510, 513,

60 N.W.2d 331, has stated that a provision in a divorce decree cannot be part alimony and part property settlement. It must be one or the other. The paragraph in the instant case headed "ALIMONY" is a short clear provision for support for the life of the ex-wife provided she remains unmarried. The twelve paragraphs under the heading "PROPERTY SETTLEMENT" are classic in nature. They are common to many divorce decrees— they constitute a division of "marital property" acquired and/or accumulated by this couple over a period of thirty-two years of married life. We have previously stated the nature of this property— real estate, General Motors stock, automobiles, insurance, items of personal clothing and memorabilia. Included in this property settlement category are the shares of bonus plan stock* awarded to plaintiff during the last five (approximately) years of the marriage, payable to him by virtue of the General Motors stock bonus plan, not in toto at the time of the award but in installments over a 5-year period. It should here be noted that as to the General Motors stock owned by the parties at the time of the divorce, some of which was probably from bonus awards, there was to be an equal division. We are unable to perceive how the provision for payment to plaintiff's ex-wife of bonus award stock awarded prior to the divorce as it was "earned out" can be considered as an alimony provision denominatable as "periodic payments received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation." The provision for the division of the bonus plan stock as it became "earned out" for a period of five years is entirely consistent with the other provisions of property settlement that are set forth under the PROPERTY SETTLEMENT heading. Such paragraphs reflect an even division of real and personal property, including Gen-

---

* Also denominated "rotating stock" or "unearned stock."

eral Motors stock owned by the parties. The shares of stock transferred, here involved, represent a "bonus award" awarded to plaintiff during the marital life of the parties, subject however to the General Motors plan, insofar as the right of plaintiff to receive them is concerned. There is no question but that plaintiff might have not received them, making them contingent in nature. Plaintiff makes much of contingency in his effort to negative the property settlement category. We are unable to see what possible relationship there is. If it develops that a particular award became decreased, forfeited, or cancelled, surely no one could contend that plaintiff owed part of what did not exist, as part of the decree provision for property settlement. The fact that possibly the award for any of the years in question might not materialize has, in our opinion, no bearing on its character, if in fact it does materialize. Let it be here noted that the transfer of the stock was in no way to be affected by the remarriage of plaintiff's ex-wife, nor presumably by her death, that a period of only five years was involved, that the provision is set forth amid a number of property settlement provisions, and that the amended decree completely deletes that portion of the original decree contained under "ALIMONY" relating to a lien for enforcement of the transfers.

We find many indicia here of property settlement and none that even suggests alimony. The fact of contingency lends more weight to the property settlement argument than it does to the alimony argument. Money for support does not provide much support if in fact it may not be forthcoming. This decree contains a clearly worded and clearly headed alimony section. The decree contains a property settlement section, all of whose paragraphs are perfectly consistent with the concept of property settlement. The provision for transfer/division of the "earned out" stock affects only a five-year period in the future (relating to the last five years of the marriage). There is nothing in the provision to indicate that the death or remarriage of plaintiff's ex-

wife would have any effect on plaintiff's obligation to make the transfers.

We are persuaded that plaintiff's contention that the transfers

(1) are "periodic payments received after such decree in discharge of a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation,"

(2) constitute alimony, and

(3) are not property settlement,

is not tenable in the light of the facts here present and the law as it presently exists.

An appropriate judgment or order may be presented on notice.