637 F.2d 680
 Fed. Sec. L. Rep. P 97,844
Richard J. DES BRISAY, representatively and derivatively, on
behalf of himself, Etc., et al., Plaintiffs-Appellants,
v.
The GOLDFIELD CORPORATION and Goldfield Lumber Enterprises,
Ltd., Defendants-Appellees.
and
Harold Sigurdson, as Liquidator for C.P.H.C. Holding
Company, Ltd., and C.P.H.C. Holding Company, Ltd.,
Defendants.
 No. 78-3221.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1980.
Decided Jan. 23, 1981.
 
 1
 Michael S. Hayes, Jennings P. Felix, Seattle, Wash., for plaintiffs-appellants.
 
 
 2
 William A. Gould, Seattle, Wash., argued, M. Margaret McKeown, Seattle, Wash., on brief, for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Western District of Washington.
 
 
 4
 Before SNEED and ANDERSON, Circuit Judges, and EAST,* District Judge.
 
 EAST, District Judge:
 
 5
 Des Brisay, on behalf of shareholders in an alleged federal securities fraud and pendent breach of contract action, appeals the District Court's dismissal of the action, with prejudice, as time barred. We note jurisdiction and affirm.
 
 FACTS
 
 6
 In 1969, Canadian Plywood Corporation, Ltd. (Plywood) was on the verge of bankruptcy. It agreed to be wholly acquired by the Goldfield Corporation (Goldfield) via an exchange of stock. An Exchange Agreement was entered into and several United States and Canadian corporations were created to facilitate the acquisition. The deal closed on November 19, 1969, and an exchange of stock was made through a holding company, with the Goldfield shares going to Western Pacific Trust Company to be distributed or to be sold on the American Stock Exchange, depending on the wishes of the individual Plywood shareholders.
 
 
 7
 Within the 60 day period following the closing, it became obvious that the sale of Goldfield shares was probably in violation of the United States securities acts and regulations. Further, Goldfield was unable to transfer additional make-up shares to satisfy certain provisions of the Exchange Agreement. The Securities Exchange Commission subsequently obtained an order suspending all trading in Goldfield shares.
 
 
 8
 This suit was commenced on April 22, 1974 in the Western District of Washington. Washington State has a three year statute of limitations applicable to securities claims, while British Columbia has a six year statute of limitations applicable to this type of claim.
 
 
 9
 Clause 17 of the Exchange Agreement provides:
 
 
 10
 "This agreement shall be governed by and interpreted according to the laws of the province of British Columbia."
 
 PROCEEDINGS IN THE DISTRICT COURT
 
 11
 The District Court earlier denied defendant Goldfield's motion to dismiss the action as time barred under the Washington statute. However, on renewal of the motion and further advice, the District Court on August 30, 1978 granted the motion. The District Court concluded, in brief, that Clause 17 was not controlling as to the statute of limitations question because such was procedural and not substantive. Therefore, Washington State's statute of limitations was applicable. The District Court also found and concluded, under the facts presented, that the defendants were not estopped to raise the limitations defense.
 
 
 12
 The District Court had earlier dismissed Des Brisay's pendent breach of contract action based upon the law of British Columbia.
 
 
 13
 We agree with the District Court on all three scores.
 
 DISCUSSION
 
 14
 Clause 17 of the Exchange Agreement makes no mention of statutes of limitation, but rather is a standard choice of law clause for application to the substantive interpretation of a contract. Such clauses generally do not contemplate application to statutes of limitation. Limitations periods are usually considered to be related to judicial administration and thus governed by the rules of local law, even if the substantive law of another jurisdiction applies. Restatement (Second) of Conflict of Laws, § 122, comment (a). Thus, we believe the intention of the parties to contractually agree upon a limitations period should be clearly expressed before we will consider whether it is permissible to do so in a federal securities case.
 
 
 15
 The rule in federal securities actions is to apply the applicable limitations period of the state in which the federal court sits. Ernst & Ernst v. Hochfelder, 425 U.S. 185, 210 n. 29, 96 S.Ct. 1375, 1389 n. 29, 47 L.Ed.2d 668 (1976); Douglass v. Glenn E. Hinton Investments, Inc., 440 F.2d 912 (9th Cir. 1971) (Washington State). Indeed, appellants themselves conceded earlier in this litigation that the Washington statute of limitations was applicable. Because there is no indication that the parties here intended to include limitations periods for ensuing federal securities actions within the scope of Clause 17 of their agreement, we hold that the District Court correctly applied the three year limitations period of the State of Washington. Douglass.
 
 
 16
 Goldfield was not estopped to raise the statute of limitations defense. Even if the "crucial negotiations" initially detained appellants from filing suit, this impediment disappeared more than a year and a half before the expiration of the limitations period.
 
 
 17
 Finally, we conclude that it was not an abuse of discretion for the District Court to dismiss the pendent breach of contract claim. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).
 
 
 18
 The judgment of the District Court entered on August 30, 1978 is affirmed.
 
 
 19
 AFFIRMED.
 
 
 
 *
 Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation