**WANG LABORATORIES, INC.,**
**Plaintiff–Appellee, Cross–**
**Appellant,**

v.

**Paul G. KAGAN, Defendant–Appellant,**
**Cross–Appellee.**

**Nos. 90–55656, 90–55759.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 18, 1992.

Decided April 6, 1993.

---

Ernest J. Franceschi, Los Angeles, CA, for defendant-appellant.

John A. Conkle and Charles R. Chapman, Conkle & Olesten, Los Angeles, CA, for plaintiff-appellee.

Before WIGGINS, KOZINSKI and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

This case arises out of a claim by an ERISA plan against a beneficiary. The case turns on which statute of limitations applies, that of the state selected in a contractual choice of law provision, or that of the state where the claim was filed. We conclude that the choice of law provision in the plan controls. The plan won a summary judgment in district court, which we affirm.

## I. Facts.

Mr. Kagan worked in California as a sales representative for Wang Laboratories, Inc. He was hurt in a car accident on July 1, 1984, and Wang's ERISA plan spent about $20,000 for his medical care. Subsequently, he recovered $50,000 on a tort claim against the driver of the car. Wang demanded reimbursement, under a provision of the plan requiring reimbursement out of any such recovery from a third party. Kagan disputed the right of the plan to claim reimbursement, and also asked for a waiver of reimbursement, but the plan's entitlement to reimbursement is not at issue on this appeal, and is assumed.

Wang has its headquarters in Massachusetts. The plan administrator, John Hancock Mutual Life Insurance Company, had its headquarters in Massachusetts, although its claims handling appears to have been done largely in the adjacent state of New Hampshire. Most of the employees affected by the plan work in Massachusetts. But Mr. Kagan has at all relevant times resided in California, and his car accident occurred in California.

After settlement negotiations had failed, Wang filed suit on January 13, 1989. Mr. Kagan's appeal addresses only whether Wang's reimbursement claim was barred by the applicable statute of limitations.[1] The parties agree that if Massachusetts'

---

1. Wang cross-appealed the dismissal of its punitive damages claims, but at oral argument conceded the cross-appeal if it prevailed on appeal. Since we affirm the district court, we accordingly dismiss the cross-appeal on punitive damages.

six year statute applies, Wang wins. If California's four year statute applies, there remains a dispute over when the statutory period began to run.

■ We review a grant of summary judgment de novo. *Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 416 (9th Cir.1990). We decide, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

## II. The choice of law provision.

The ERISA plan stated that the rights and obligations of the parties were to be "governed by the law of Massachusetts, and all questions pertaining to the validity and construction of such rights and obligations shall be determined in accordance with such law." Kagan applied for coverage "under the terms and conditions" of the plan, and his employee handbook explained that the provisions of the formal plan documents governed his rights under the plan. Wang's lawsuit is in substance for breach of contract, the contractual provision being Kagan's promise to reimburse medical expenses paid by Wang if Kagan recovered from a third party.

■ The limitations period applicable to ERISA claims is the one for breach of written contract. *Northern California Retail Clerks Unions and Food Employers Joint Pension Trust Fund v. Jumbo Markets, Inc.*, 906 F.2d 1371, 1372 (9th Cir.1990). Kagan asserts that ERISA, 29 U.S.C. § 1144, preempts the contractual choice of law provision as it applies to the statute of limitations. But "[i]n ERISA actions the federal courts employ a state statute of limitations." *Id.* (citation omitted). Since ERISA does not supply a statute of limitations in this case,[2] it cannot preempt the applicable state law statute of limitations.

■ The forum state is California, which has a four year limitations period for breach of contract claims. Cal.Civ.Proc. Code § 337(1). But Wang has its headquarters and most of its employees in Massachusetts, and the plan contains a provision that says that Massachusetts law controls the parties' rights and obligations. Massachusetts has a six-year limitations period for breach of contract claims. Mass.Gen.L. ch. 260, § 2. Kagan says that contrary to the contractual choice of law provision, the four-year California statute applies, and that Wang's claim is barred under that provision.

■ Wang argues that the parties' choice of law controls, and points to several California decisions where the court enforced a contractual choice of law clause. These cases are not authoritative, however, because this is a federal question case, not a diversity case. The timeliness of the suit must be determined, "as a matter of federal law, by reference to the appropriate state statute of limitations." *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966) (claim under § 301 of the Labor Management Relations Act). We decide as a matter of federal law which state statute of limitations is appropriate.

■ The parties' choice of limitations period in an insurance contract is generally enforced under federal law unless it is "unreasonable or fundamentally unfair." *Dempsey v. Norwegian Cruise Line*, 972 F.2d 998, 999 (9th Cir.1992). In an ERISA case, we ordinarily borrow the forum state's statute of limitations so long as application of the state statute's time period would not impede effectuation of federal policy. *Pierce County Hotel Employees et al. v. Elks Lodge, 1450*, 827 F.2d 1324, 1328 (9th Cir.1987). In *Pierce County* no contractual choice of law provision was at issue. Where a choice of law is made by

---

**2.** On appeal, Kagan argued that Wang's claims are barred by ERISA's three-year statute of limitations, 29 U.S.C. § 1113(2). Kagan did not raise this issue below. We decline to exercise our discretion to consider it. *United States v.*

*Carlson,* 900 F.2d 1346, 1349 (9th Cir.1990). Kagan cited no authority in support of his claim that his challenge need not have been raised below because the statute of limitations at issue is "jurisdictional."

an ERISA contract, it should be followed, if not unreasonable or fundamentally unfair.

Kagan does not argue that the choice of law provision, which he concedes is "sweeping," contains an exception for the statute of limitations. *Cf. Des Brisay v. The Goldfield Corp.*, 637 F.2d 680 (9th Cir.1981). Nor does he demonstrate that the choice of Massachusetts law is unreasonable or fundamentally unfair. Wang was headquartered in Massachusetts, and most of the employees covered by the Plan are in Massachusetts, so viewed from the time when the contract was made, when a particular individual could not know whether he would be a litigant, the choice of Massachusetts law for all state law questions was fair and reasonable.

In the context of a choice of forum clause, the Supreme Court explained the reasons why we should defer to such contractual choices:

> a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum, and conserving judicial resources that otherwise would be devoted to deciding those motions. [citation omitted] Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

*Carnival Cruise Lines, Inc. v. Shute*, — U.S. —, —, 111 S.Ct. 1522, 1527, 113 L.Ed.2d 622 (1991). The choice of statute of limitations is less burdensome to a plan beneficiary than choice of forum, because he can litigate in his home state. The benefit to the plan of a contractual choice of law is great, yet there is no unfairness to the beneficiary. No sensible person would hesitate to join a health plan because claims would be subject to the limitations period of the employer's headquarters state. The plan's administrative costs and reserves for litigation expenses would necessarily have to account for greater risk and uncertainty if the plan were subject to the choice of law doctrine of every state in which it might be sued, and whatever substantive law that doctrine might import. The benefits of enforcing the contractual choice of law redound ultimately to the beneficiaries, as in *Carnival Cruise Lines*, and to the "soundness and stability of plans," an explicit statutory objective of ERISA. 29 U.S.C. § 1001(a).

The parties' contractual choice of law requires that Massachusetts' six-year statute of limitations applies. Since it was not unreasonable or fundamentally unfair, the court is bound by it. Under the Massachusetts statute, Wang's claims were timely. The district court correctly entered summary judgment against him on Wang's ERISA claims.[3]

AFFIRMED.

---

**3.** Wang asserted as one of its points on appeal that the district court erred in granting summary judgment for Kagan on its claims for breach of contract, fraud and negligent misrepresentation. However, it failed to cite any authority or make any argument for this position. Thus, it waived these issues on appeal. *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 924 (9th Cir.1988).