19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald K. ROSE, Plaintiff-Appellant,
v.
UNION CENTRAL LIFE INSURANCE CO.; Commercial and Industrial
Adm. Co. et al., Defendants-Appellees.
 No. 92-16657.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1994.
Decided March 16, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Rose appeals the district court's dismissal of his ERISA claims of breach of contract, breach of fiduciary duty, and fraud and concealment. We affirm.
 
 
 3
 * Rose's breach of contract and breach of fiduciary duty claims are barred by the statutes of limitations.
 
 
 4
 The statute of limitations for a breach of fiduciary duty under the Employee Retirement Income Security Act is "three years after the earliest date ... on which the plaintiff had actual knowledge of the breach or violation...." 29 U.S.C. Sec. 1113(a)(2). For a breach of contract claim under ERISA, we look to the state statute of limitations. Wang Laboratories, Inc. v. Kagan, 990 F.2d 1126, 1128 (9th Cir.1993). In California, the statute of limitations for a breach of contract claim is four years. Id. The time begins to run when the appellant has knowledge of the breach itself, not when he realizes that the breach violates ERISA. Northern California Retail Clerks Unions v. Jumbo Markets, Inc., 906 F.2d 1371, 1372 (9th Cir.1990); Blanton v. Anzalone, 760 F.2d 989, 992 (9th Cir.1985).
 
 
 5
 Rose had knowledge of the alleged breach of fiduciary duty since at least February 14, 1989, when he filed his complaint in state court making this claim. He had knowledge of the alleged breach of contract since January 1988. Rose stated in his opposition to motions to dismiss filed in the district court: "Plaintiff only learned [of C & I's refusal to pay his bills] in January 1988 when the hospital began to bill him for the $13,454.20." Thus, Rose knew of the alleged breach of fiduciary duty more than three years and of the alleged breach of contract more than four years before he filed his federal complaint on July 14, 1992.
 
 
 6
 The statute of limitations for Rose's breach of fiduciary duty claim was not tolled when he filed the state court action. Equitable tolling applies only to claims for which there is concurrent jurisdiction. Farrell v. Automobile Club of Michigan, 870 F.2d 1129, 1133 (6th Cir.1989). Because the state court did not have concurrent jurisdiction over Rose's breach of fiduciary duty claim, see 29 U.S.C. Sec. 1132(e)(1), no tolling occurred.
 
 
 7
 Although the state court did have concurrent jurisdiction over Rose's breach of contract claim, see id., there was no tolling. When "the plaintiff chooses to pursue a state remedy first, the plaintiff may not invoke the doctrine of equitable tolling." Eichman v. Fotomat Corp., 880 F.2d 149, 156 (9th Cir.1989).
 
 II
 
 8
 Rose maintains that the appellees are liable for fraud and concealment for having concealed a master file from him. However, he has failed to allege with particularity the information that he specifically requested and that was not provided to him, pursuant to 29 U.S.C. Sec. 1132(c).
 
 
 9
 Since the appellant has made insufficient allegations to substantiate a fraud and concealment claim, we affirm the dismissal for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3