Larry FENBERG, Plaintiff–Appellee,

v.

COWDEN AUTOMOTIVE LONG
TERM DISABILITY PLAN,
Defendant–Appellant.

Larry Fenberg, Plaintiff–Appellee,

v.

Cowden Automotive Long Term
Disability Plan, Defendant–
Appellant.

Nos. 05–17192, 06–15132.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Dec. 17, 2007.

Cassie Sullivan, Lewis Feinberg Renaker & Jackson, PC, Oakland, CA, James G. Mellen, Esq., Stonyford, CA, for Plaintiff–Appellee.

Lisa R. Jaskol, Esq., Lisa Jackol, Horvitz & Levy, LLP, Encino, CA, Colleen R. Smith, Esq., Kevin P. McNamara, Esq., Harrington Foxx Dubrow & Canter, LLP, Los Angeles, CA, Joshua Bachrach, Esq., Rawle & Henderson, LLP, Philadelphia, PA, for Defendant–Appellant.

Before: COWEN *, HAWKINS, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cowden Automotive Long Term Disability Plan ("the Plan") appeals the district court's grant of summary judgment in favor of Larry Fenberg in his suit filed against the Plan pursuant to the Employee Retirement Security Act of 1974 ("ERISA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

We review de novo the district court's holding regarding choice of law issues. *Alaska Airlines, Inc. v. United Airlines, Inc.*, 902 F.2d 1400, 1402 (9th Cir.1990). We also review de novo the district court's grant of Fenberg's motion for summary adjudication regarding the standard of review. *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir.2001). Lastly, we review the district court's decision to award or deny attorneys' fees pursuant to ERISA for an abuse of discretion. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1113 (9th Cir.1999).

■ The district court held that the Plan was governed by California law. But the Plan contains a provision stating that it is governed by Rhode Island law and Fenberg has not made an adequate showing that "viewed from the time when the contract was made, when a particular individual could not know whether he would be a litigant," the parties' choice of Rhode Island law was "unreasonable or fundamentally unfair." *See Wang Labs., Inc. v. Kagan*, 990 F.2d 1126, 1128–29 (9th Cir. 1993) (holding that "[w]here a choice of law is made by an ERISA contract, it should be followed, if not unreasonable or fundamentally unfair"). The Plan reflects the terms of a master insurance policy issued and delivered in Rhode Island to a Rhode Island trust ten years before Cowden Automotive became a participating unit in the trust. Accordingly, the parties' choice of Rhode Island law was both fair and reasonable. Thus, to the extent that state law applies, Rhode Island law governs the Plan.

■ Based on its determination that California law governed the Plan, the district court determined that it should review de novo the decision by Reliance Standard Life Insurance Company ("Reliance"), as the fiduciary of the Plan, to deny Fenberg's claim for benefits. However, because the Plan contains an unambiguous provision granting Reliance discretion to determine a claimant's eligibility for benefits, and Rhode Island law does not prohibit such provisions, the district court should have reviewed Reliance's decision for an abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (holding that when an ERISA plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the fiduciary's decision to deny benefits should be reviewed for an abuse of discretion); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 966–68 (9th Cir.2006) (en banc).

We thus reverse the district court's grant of Fenberg's motion for summary adjudication regarding the standard of review and remand so that the district court can review Reliance's denial of Fenberg's claim for benefits under the appropriate standard. We also reverse the district court's grant of Fenberg's motion for summary judgment on the merits.

Finally, we vacate the district court's award of attorneys' fees as moot. If Fenberg prevails on remand, the district court "will be in a position to revisit the question of attorneys' fees." *Fanucchi & Limi Farms v. United Agri Products*, 414 F.3d 1075, 1089 (9th Cir.2005).

**REVERSED AND REMANDED.**