**Janice ABAT et al., Plaintiff,**

v.

**CHASE BANK USA, N.A., Defendants.**

**Case No.: SACV 07–01476–CJC(ANx).**

United States District Court,
C.D. California,
Southern Division.

Sept. 14, 2010.

Anne Marie Murphy, Joseph Winters Cotchett, Niall P. McCarthy, Cotchett Pitre and McCarthy, Burlingame, CA, David J. Vendler, Morris Polich & Purdy, Los Angeles, CA, Garrett M. Smith, Gary W. Kendall, Michie Hamlett Lowry Rasmussen & Tweel, Greg Duncan, Michie Lowry, Charlottesville, VA, for Plaintiff.

Douglas Craig Emhoff, Venable LLP, Joseph A. Escarez, Julia B. Strickland, Julie Sorenson Stanger, Lucas Andrew Messenger, Stephen J. Newman, Stroock and Stroock and Lavan LLP, Los Angeles, CA, Edward Patrick Boyle, Lawrence H. Cooke, II, Venable LLP, New York, NY, for Defendants.

**ORDER GRANTING DEFENDANT CHASE BANK USA, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS X AND XI OF THE SECOND AMENDED COMPLAINT**

CORMAC J. CARNEY, District Judge.

## INTRODUCTION AND BACKGROUND

Plaintiffs Janice Abat, Ildiko Nylen, Jean Rossean, Linda Shakespeare, Shannon Carriero, Nancy Wilksen, Erica Hall, on behalf of themselves and all other persons similarly situated (collectively "Plaintiffs") initiated this class action against Chase Bank USA, N.A. ("Chase") and other defendants. Plaintiffs bring claims against Chase under the federal Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq., and on behalf of those members of the class that are California residents, claims under the California Consumer Legal Remedies Act ("CLRA"), CAL. CIV. CODE § 1750 et seq., and the Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200 et seq., (collectively "Counts X and XI"). Before the Court is Chase's motion for partial summary judgment on Counts X and XI on the ground that the disputes under those claims are governed by a valid, enforceable choice of law provision in the credit card agreements between Plaintiffs and Chase that selects Delaware law. Chase's motion for partial summary judgment on Counts X and XI is GRANTED.

## ANALYSIS

The choice of law provision contained in the credit card agreements between Plaintiffs and Chase provides for Delaware law to resolve any dispute between the parties concerning any item in those agreements. The choice of law provision states: "This agreement is governed by the laws of the United States and the State of Delaware. Any dispute concerning any item in this agreement will be resolved by those laws." Under California law, the party advocating the applicability of the choice of law provision has the burden of establishing that the causes of action alleged by the putative class fall within its scope. *Wash. Mut. Bank, F.A. v. Super. Ct.*, 24 Cal.4th 906, 916, 103 Cal. Rptr.2d 320, 15 P.3d 1071 (Cal.2001). However, in this case, the plain meaning of the language used by the parties—"governed by," and "any dispute concerning"—gives the provision broad scope. *Nedlloyd Lines v. Super. Ct.*, 3 Cal.4th 459, 468–69,

11 Cal.Rptr.2d 330, 834 P.2d 1148 (Cal. 1992).

In their Second Amended Complaint, Plaintiffs allege "Defendants' practices in connection with the marketing and sale of credit repair and debt management plan services violate the CLRA...." (Pl.'s Second Am. Compl. ¶ 345.) Plaintiffs essentially allege that Chase knew of, participated in, and benefited from the fraudulent business activity of credit counseling agencies to recover past due consumer debt. Since Plaintiffs' statutory claims concern repayment of their debt to Chase, and since repayment is an essential item of each of their credit card agreements with Chase, Plaintiff's statutory claims must be resolved under Delaware law pursuant to the choice of law provision in the parties' credit card agreements.

 The choice of law provision is enforceable because there is a substantial relationship between Delaware and the parties and transaction and, in this case, California does not have a materially greater interest than Delaware in enforcing its statutes. A federal court must apply the choice of law principles of the state in which it sits for state law claims for which it has exercised supplemental jurisdiction. *Paracor Fin., Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1164 (9th Cir.1996). California courts use the approach set out in the Restatement (Second) of Conflicts of Laws § 187(2), which "reflect[s] strong policy considerations favoring the enforcement of freely negotiated choice of law clauses." *Wash. Mut. Bank*, 24 Cal.4th at 917–18, 103 Cal. Rptr.2d 320, 15 P.3d 1071 (quoting *Nedlloyd Lines*, 3 Cal.4th at 462, 466, 11 Cal. Rptr.2d 330, 834 P.2d 1148) (applying the Restatement approach to a choice of law provision contained in an adhesion contract). Where there is a substantial relationship between the chosen state and the parties or transaction at issue, California courts enforce choice of law provisions unless the party opposing the enforcement of the provision shows that California has materially greater interest in applying its own law and the chosen law would contravene California's fundamental public policy.[1] *Nedlloyd Lines*, 3 Cal.4th at 466, 11 Cal.Rptr.2d 330, 834 P.2d 1148. Here, Delaware has a substantial relationship to the parties and transaction. Chase is incorporated in Delaware and Plaintiffs' repayment of their credit card debt occurred there. *Id.* at 467, 11 Cal.Rptr.2d 330, 834 P.2d 1148; *see also Van Slyke v. Capital One Bank*, 503 F.Supp.2d 1353, 1360 (N.D.Cal.2007). Thus the Plaintiffs must show that California has a "materially greater interest" in enforcing its laws than Delaware. To determine which state has a

---

[1] Under the Restatement approach, the court must determine whether the chosen law is contrary to a fundamental public policy of the state "which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of applicable law in the absence of an effective choice by the parties." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(2)(b). Because Plaintiffs assert California statutory claims here, this Court assumes, rather than decides, that the alternative "state of applicable law" is California. California courts disagree about what constitutes a "fundamental public policy." *Contra, e.g., AOL, Inc. v. Superior Court*, 90 Cal. App.4th 1, 108 Cal.Rptr.2d 699 (2001), *Brack v. Omni Loan Co.*, 164 Cal.App.4th 1312, 1324, 80 Cal.Rptr.3d 275 (2008) (finding contract provisions containing class action waivers unconscionable under California law), *with Discover Bank v. Super. Ct.*, 36 Cal.4th 148, 160, 30 Cal.Rptr.3d 76, 113 P.3d 1100 (2005) (noting disagreement among courts regarding whether class action waivers are unconscionable under California law and finding that at least some class action waivers are unconscionable). This Court need not resolve the conflict over what constitutes a fundamental public policy because California does not have a "materially greater interest" in this case.

greater interest, the court considers factors such as "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties." *Oestreicher v. Alienware Corp.*, 502 F.Supp.2d 1061, 1068 (N.D.Cal.2007) (quoting *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881, 903, 72 Cal.Rptr.2d 73 (1998)). In this case, Plaintiff Rossean lived in Utah at the time she entered into a credit card agreement with Chase, so the place of contracting is either Delaware or Utah (Fact No. 12, Reply Stmt. of Uncontroverted Facts 9, Aug. 11, 2010).[2] The place of performance of the contract, which is the repayment of the credit card debt, is in Delaware. *See Shannon–Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1211 (9th Cir. 2001). The subject matter of the contract, Plaintiff's account, is in Delaware where Chase is located. As discussed, Plaintiff was not a California resident at the time she entered into the credit card agreement, and Chase is incorporated in Delaware. Most importantly, Delaware has a significant interest in enforcing its own statute that requires revolving credit plans to be governed by the laws of Delaware. DEL. CODE ANN. tit. 5, § 956 (West 2010). Indeed, courts have noted the importance of enforcing choice of law provisions for businesses with nationwide customers to limit the risk and expenses of litigation under different laws in every state. *See, e.g., Wang Labs. v. Kagan*, 990 F.2d 1126, 1129 (9th Cir.1993). In sum, because the place of performance and subject matter of

the credit card agreements is Delaware, and because Delaware has a significant interest in regulating its banks who do business nationwide, Plaintiffs have failed to demonstrate that California's interest in this case is "materially greater" than Delaware's interest. The choice of law provision should be enforced, and its selection of Delaware law bars Plaintiff's California statutory claims as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment on Counts X and XI is GRANTED.

---

**2.** The parties dispute whether the California statutory claims are brought by only Plaintiff Rossean, or whether the putative class includes Plaintiffs Nylen and Shakespeare, who were at all times California residents (Second Am. Compl. ¶¶ 99, 107, Aug. 21, 2009). (*See* Pl.'s Opposition to Motion for Partial Summary Judgment 5–10, July 14, 2010). This analysis discusses only Plaintiff Rossean. Because this Court finds that the other factors strongly weigh in favor of Delaware law, inclusion of the other plaintiffs in the analysis would not change the Court's ultimate decision.