FILED

NOV 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SAMUEL GORDON, Jr., | No. 10-35030 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-05074-LRS |
| v. | |
| JOHN 1-10 DOES; COMMONWEALTH MARKETING GROUP INC., a Pennsylvania Corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted November 21, 2011[**]

Before:     TASHIMA, BERZON, and TALLMAN, Circuit Judges.

James Samuel Gordon, Jr., appeals pro se from the district court's summary judgment in his action alleging statutory and contract claims related to defendants' transmission of unsolicited commercial email or spam. We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo the grant of summary judgment, and may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We review for an abuse of discretion the denial of a motion for reconsideration. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment as to Gordon's claim under the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (the "CAN-SPAM Act") because he lacks standing to sue under the Act. *See Virtumundo*, 575 F.3d at 1051-57 (explaining in analogous context that Gordon lacks standing to file a private lawsuit under the CAN-SPAM Act because he is not an adversely affected, bona fide Internet access provider).

Summary judgment on the basis of preemption was proper as to Gordon's claim under the Washington Commercial Email Marketing Act (the "CEMA") because Gordon failed to raise a genuine dispute of material fact as to whether this claim involved fraud or deception necessary to exempt it from the CAN-SPAM Act's preemption clause. *See id.* at 1062-64 (CEMA claim alleging non-deceptive, immaterial inaccuracies or incomplete, omitted information in spam emails is preempted by the CAN-SPAM Act, which only exempts from preemption those state laws that narrowly regulate fraudulent or deceptive commercial emails).

Summary judgment was proper as to Gordon's breach of contract claim because Gordon failed to raise a triable dispute as to whether he could establish the damages element of his claim. *See Wang Labs., Inc. v. Kagan*, 990 F.2d 1126, 1128-29 (9th Cir. 1993) (federal courts apply law of state identified in contract); *Nw. Indep. Forest Mfrs. v. Wash. Dep't of Labor and Indus.*, 899 P.2d 6, 9, 11 (Wash. Ct. App. 1995) (listing elements of breach of contract claim).

The district court did not abuse its discretion in denying Gordon's motion for reconsideration because he failed to establish exceptional circumstances warranting such relief. *See* Fed. R. Civ. P. 60(b).

Gordon's remaining contentions are unpersuasive.

We deny Gordon's motion to "join appellees" and his request to submit new evidence for the first time on appeal.

**AFFIRMED**.