FILED

AUG 27 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

ORDERED PUBLISHED

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   NC-13-1590-KuDJu |
| RICHARD STERBA and OLGA STERBA, | Bk. No.   13-10245 |
| Debtors. | |
| RICHARD STERBA; OLGA STERBA, | |
| Appellants, | |
| v. | **OPINION** |
| PNC BANK, | |
| Appellee. | |

Argued and Submitted on July 24, 2014
at San Francisco, California

Filed – August 27, 2014

_____

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Alan Jaroslovsky, Bankruptcy Judge, Presiding

_____

Appearances:    Thomas P. Kelly, III argued for appellants Richard Sterba and Olga Sterba; Douglas Provencher of Provencher & Flatt LLP argued for appellee PNC Bank.

_____

Before:  KURTZ, DUNN and JURY, Bankruptcy Judges.

KURTZ, Bankruptcy Judge:

## INTRODUCTION

Chapter 7[1] debtors Richard and Olga Sterba appeal from an order overruling their objection to the proof of claim filed by PNC Bank. The Sterbas maintain that, under California law, PNC's claim was barred by the applicable four-year statute of limitations. The bankruptcy court held instead that Ohio law applied based upon the choice of law provision set forth in the promissory note on which PNC's claim was based. Under Ohio's six-year statute of limitations for actions on a negotiable instrument, PNC's claim was timely.

In overruling the Sterbas' claim objection, the bankruptcy court improperly relied upon California's choice of law rules. Binding Ninth Circuit authority states that choice of law issues in bankruptcy cases are governed by federal choice of law rules. While both the federal rules and the California rules generally follow the Restatement (Second) Conflict of Laws, the bankruptcy court improperly focused on California's interpretation of the Restatement. More importantly, the bankruptcy court apparently was unaware of a Ninth Circuit case on point, which held as a matter of law that standard contractual choice of law provisions do not cover conflicts between statutes of limitations.

Accordingly, we REVERSE.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

**FACTS**

The facts are undisputed. In 2007, the Sterbas purchased a condominium in Santa Rosa, California. The Sterbas financed their purchase by taking out two loans: a $340,000 loan from Bank of America secured by a first deed of trust against the condominium and a $42,000 loan from National City Bank secured by a second deed of trust against the condominium. The National City loan is memorialized in a Fixed Rate Consumer Note and Security Agreement dated as of March 30, 2007.

In early 2008, the Sterbas defaulted on both loans, and in June 2009, Bank of America completed a nonjudicial foreclosure against the condominium. This foreclosure extinguished National City's junior lien against the property.

The Sterbas filed their bankruptcy case in February 2013. PNC, as the successor in interest to National City's rights as lender under the $42,000 note, filed a proof of claim in the Sterbas' bankruptcy case in April 2013. The Sterbas then filed an objection to PNC's claim. The Sterbas asserted that, pursuant to California's four-year statute of limitations for actions on an obligation founded on a written instrument, Cal. Code Civ. Proc. § 337, PNC's claim was time-barred.[2]

---

[2] Cal. Code Civ. Proc. § 337 provides in relevant part:

Within four years. 1. An action upon any contract, obligation or liability founded upon an instrument in writing . . . ; provided, that the time within which any action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security,

(continued...)

In response to the claim objection, PNC pointed out that the note contained a choice of law provision, which states as follows:

> [the Sterbas] agree that . . . (i) the Bank is a national bank located in Ohio and Bank's decision to make this Loan to you was made in Ohio. **Therefore, this Note shall be governed by and construed in accordance with . . . the laws of Ohio**, to the extent Ohio laws are not preempted by federal laws or regulations, and without regard to conflict of law principles . . . .

Fixed Rate Consumer Note and Security Agreement (March 30, 2007) at ¶ 13 (emphasis added). PNC further contended that, pursuant to Ohio Revised Code § 1303.16, Ohio's limitations period for actions on a promissory note is six years.[3] Therefore, PNC reasoned, its claim based on the note was timely.

After additional briefing and a court hearing, the bankruptcy court issued a memorandum decision in which it agreed with PNC that Ohio's statute of limitations applied. According to the bankruptcy court, the note's choice of law provision was controlling and dictated that Ohio law applied. The bankruptcy court therefore concluded that PNC timely asserted its claim on

---

[2](...continued)
following the exercise of the power of sale in such deed of trust or mortgage, may be brought shall not extend beyond three months after the time of sale under such deed of trust or mortgage.

[3] Ohio Revised Code § 1303.16 provides in relevant part:

(A) Except as provided in division (E) of this section, an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.

the note in light of Ohio's six-year limitations period for actions on a promissory note.

On November 25, 2013, the bankruptcy court entered an order overruling the Sterbas' objection to claim, and on December 7, 2013, the Sterbas timely filed a notice of appeal.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err when it held that the choice of law provision in the Sterbas' note governed the choice of law issue concerning the applicable statute of limitations?

**STANDARDS OF REVIEW**

Review of the bankruptcy court's ruling requires us to resolve intertwined conflict of law and statute of limitations issues. We review such issues de novo. See Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996 (9th Cir. 2006); see also Green v. Zukerkorn (In re Zukerkorn), 484 B.R. 182, 188 (9th Cir. BAP 2012).

**DISCUSSION**

The Sterbas argue that the bankruptcy court should have applied the four-year California statute of limitations instead of the six-year Ohio statute of limitations. The parties agree that this argument is governed by conflict of laws principles.

As a threshold matter, we must decide whose choice of law rules apply. See Huynh, 465 F.3d at 997. The bankruptcy court held that, when a federal court considers claims based on state

5

law, the forum state's choice of law rules apply. See, e.g., Johnson v. Wells Fargo Home Mortg., Inc., 635 F.3d 401, 420 n.16 (9th Cir. 2011) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). This rule typically is applied in diversity-of-citizenship cases. See, e.g., Patton v. Cox, 276 F.3d 493, 495 (9th Cir 2002) (citing Klaxon and stating that "[w]hen a federal court sits in diversity, it must look to the forum state's choice of law rules to determine the controlling substantive law."). It also is applied in federal question cases when the federal court is exercising supplemental jurisdiction over state law claims. Paracor Finance, Inc. v. General Elec. Capital Corp., 96 F.3d 1151, 1164 (9th Cir. 1996).

Here, in contrast, we are dealing with a bankruptcy court exercising federal question jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). As a result, federal choice of law rules apply. See Liberty Tool & Mfg. v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.), 277 F.3d 1057, 1069 (9th Cir. 2002); Lindsay v. Beneficial Reinsurance Co. (In re Lindsay), 59 F.3d 942, 948 (9th Cir. 1995).[4]

---

[4] If we were writing on a clean slate, we might be inclined to apply the forum state's choice of law rules when, as here, the bankruptcy court was deciding issues that required it to apply state law to determine the rights of the parties. Indeed, the principles set forth in Butner v. United States, 440 U.S. 48, 55 (1979), would seem to militate in favor of applying the forum state's choice of law rules. We also should note that this panel has held that, under certain specific circumstances, the forum state's choice of law rules should be applied. See, e.g., Allen v. U.S. Bank, N.A. (In re Allen), 472 B.R. 559, 565 n.4 (9th Cir. BAP 2012); Veal v. Am. Home Mortg. Serv., Inc. (In re Veal), 450 B.R. 897, 921 n.41 (9th Cir. BAP 2011). However, in light of In
(continued...)

In the Ninth Circuit, federal choice of law rules generally follow the Restatement (Second) of Conflict of Laws ("Restatement"). See In re Vortex Fishing Sys., Inc., 277 F.3d at 1069. The choice of law rules of the forum state generally are "irrelevant" in answering choice of law questions in federal question cases. Berger v. AXA Network LLC, 459 F.3d 804, 810 (7th Cir. 2006); see also In re Lindsay, 59 F.3d. at 948 ("In federal question cases with exclusive jurisdiction in federal court, such as bankruptcy, the court should apply federal, not forum state, choice of law rules.").

We start with the section of the Restatement specifically governing the choice between conflicting statutes of limitations. Historically, that section provided that the statute of limitations of the forum state ordinarily should be applied because such statutes typically are considered to be rules of procedure. See Restatement § 142 (1971); Peterson v. Kennedy, 771 F.2d 1244, 1251 n.4 (9th Cir 1985); see also Restatement § 122, Cmt. a.

However, Restatement § 142, as amended in 1988, now reflects an intent to apply the same general conflict of law principles to statutes of limitations as are applied to "substantive" provisions of law. As stated in the Reporter's Note accompanying the 1988 amendments to Restatement § 142:

---

[4](...continued) re Lindsay and In re Vortex Fishing Sys., Inc., we are bound to apply federal common law choice of law rules here. See also Mandalay Resort Group v. Miller (In re Miller), 292 B.R. 409, 413 (9th Cir. BAP 2003)("In the Ninth Circuit, federal common law choice of law rules apply in bankruptcy cases.").

7

> This section is designed to replace original §§ 142 and 143. It takes the position that the statute of limitations should not be treated as procedural for choice of law purposes. Instead, it advocates that choice of law questions relating to the statute of limitations should be decided in much the same way as other questions of choice of law.

Id.; see also Restatement § 142, cmt. e (1988); Berger, 459 F.3d at 811-12.

Part and parcel of the modern Restatement process for selecting between two states' conflicting statutes of limitations is a need to consider any applicable contractual choice of law provision. See Wang Laboratories, Inc. v. Kagan, 990 F.2d 1126, 1128-29 (9th Cir. 1993) (applying contractual choice of law provision to determine which of two states' statutes of limitation applied to breach of insurance contract claim). See also Western Group Nurseries, Inc. v. Estate of Adams (In re Western United Nurseries, Inc.), 2000 WL 34446155 (D. Ariz. 2000), partially vacated on rehr'g on other grounds, 2000 WL 34448963 (holding that, under revised version of Restatement § 142, parties could choose a particular state's statute of limitations provided that the parties complied with the requirements of Restatement § 187).[5]

Restatement § 187 governs contractual choice of law provisions. The parties agree that, under Restatement § 187, the bankruptcy court generally can and should enforce the contractual choice of law provision as long as: (1) the chosen state has a

---

[5] In re Vortex Fishing Sys., Inc., cited supra, also indicates that a bankruptcy court may apply a contractual choice of law provision in accordance with Restatement § 187 in order to resolve a choice of law issue involving conflicting statutes of limitations. See id. at 1069.

8

"substantial relationship" to the parties or the transaction; and (2) the forum state has no "fundamental policy" that is inconsistent with the chosen state's law.

The Sterbas argue that the bankruptcy court incorrectly determined that the substantial relationship requirement was satisfied. The Sterbas claim that the only cognizable connection between Ohio on the one hand and the note and the parties on the other hand was that National City Bank, PNC's predecessor in interest, was incorporated in Ohio. According to the Sterbas, this limited connection to Ohio was insufficient to satisfy the substantial relationship requirement.

The record does not support the Sterbas' argument. The record instead supports the bankruptcy court's substantial relationship determination. In addition to Ohio being National City's state of incorporation, the note on its face recites that National City's offices are located in Ohio and that it made the decision to make the loan in Ohio. Furthermore, the Sterbas agreed by executing the note to make payments to National City in Ohio, and thus the place for performance of the Sterbas' note obligations was Ohio. The Sterbas did not offer any evidence to controvert any of these facts.

Accordingly, under these facts, we cannot say that the bankruptcy court erred in making its substantial relationship determination. Cf. Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459, 467 (1992) (applying Restatement § 187 and stating that state of one party's incorporation is sufficient contact to allow parties to choose that state's laws to govern their contract).

9

The Sterbas also argue that the bankruptcy court should have held that California had a fundamental policy inconsistent with Ohio's six-year statute of limitations for actions on a written instrument. In essence, the Sterbas assert that California has a fundamental policy favoring its own four-year statute of limitations under Cal. Code Civ. Proc. § 337 to the exclusion of any longer limitations period provided for by other states. We disagree. California has no such fundamental policy. As stated in ABF Capital Corp. v. Osley, 414 F.3d 1061, 1066 (9th Cir. 2005), "California has 'no fundamental state policy against applying a foreign jurisdiction's statutes of limitations to claims brought within California courts.'" Id. (quoting Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc., 38 Cal. App. 4th 1532, 1548-49 (1995)).

The Sterbas' final argument is the one we must parse the most carefully. This argument is based on the 1971 version of Restatement § 142. Citing a Sixth Circuit decision originating from Ohio, Cole v. Mileti, 133 F.3d 433, 437–38 (6th Cir. 1998), the Sterbas claim that contractual choice of law provisions generally do not apply to conflicting statutes of limitations. The Sterbas attempt to persuade us (unsuccessfully) that Ohio choice of law rules apply to their appeal in order to take advantage of Mileti. We already have explained above that federal choice of law rules apply to this appeal. But there is no need for the Sterbas to put their eggs in the Mileti basket. The Ninth Circuit has its own version of Mileti. See Des Brisay v. Goldfield Corp., 637 F.2d 680, 682 (9th Cir. 1981).

In Des Brisay, a group of shareholders sued the corporation

10

in which they held stock alleging, among other things, federal securities fraud. The operative agreement between the parties had a "standard" choice of law provision very similar to the one in the Sterbas' note: "This agreement shall be governed by and interpreted according to the laws of the province of British Columbia." Id. The district court dismissed the shareholders' action as time-barred, and the shareholders appealed.

In affirming the district court's dismissal, Des Brisay held that the district court correctly applied Washington's three year statute of limitations for securities claims instead of British Colombia's six year statute of limitations for such claims. In so holding, Des Brisay explained that, in the absence of a controlling choice of law provision, federal courts presiding over a federal securities lawsuit apply the forum state's limitations period for securities claims. Id.

Des Brisay further explained that the choice of law provision in the parties' agreement did not control the choice between the conflicting statutes of limitations:

> Clause 17 of the Exchange Agreement makes no mention of statutes of limitation, but rather is a standard choice of law clause for application to the substantive interpretation of a contract. Such clauses generally do not contemplate application to statutes of limitation. Limitations periods are usually considered to be related to judicial administration and thus governed by the rules of local law, even if the substantive law of another jurisdiction applies. Restatement (Second) of Conflict of Laws, § 122, comment (a). Thus, we believe the intention of the parties to contractually agree upon a limitations period should be clearly expressed before we will consider whether it is permissible to do so in a federal securities case.

Id.

In other words, Des Brisay held that, as a matter of law, a

standard contractual choice of law provision does not cover choice of law questions involving statutes of limitations because the Restatement generally characterizes statutes of limitations as procedural in nature and hence controlled by the forum state's laws. See Restatement § 122, Cmt. a (1971); see also Restatement § 142, Cmt. d (1971) ("Each state determines for itself the period during which suit may be brought in its courts upon a particular claim. Hence no action can be maintained that is barred by the statute of limitations of the forum.").

As noted above, the 1988 amendments to Restatement § 142 fundamentally altered this choice of law rule so that conflicts involving statutes of limitations are now handled "in much the same way" as other choice of law issues. Reporter's Note accompanying the 1988 amendments to Restatement § 142; see also Berger, 459 F.3d at 811-12. Consequently, the 1988 amendments to Restatement § 142 appear to have undermined the rationale for Des Brisay's holding. Moreover, In re Vortex Fishing Sys., Inc., Wang Laboratories and In re Western United Nurseries, Inc., cited above, all suggest that the Ninth Circuit would not decide Des Brisay the same way today.

Even so, Des Brisay is binding Ninth Circuit precedent, which this Panel is bound to follow. See Am.'s Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard), 751 F.3d 966, 971 n.3 (9th Cir. 2014). Even if we suspect that the Ninth Circuit would decide Des Brisay differently today, it is not our role to decide which Ninth Circuit decisions no longer represent good law. That prerogative is enjoyed only by the Ninth Circuit and the Supreme Court. Cf. State Oil Co. v. Khan, 522 U.S. 3, 20 (1997)(noting

12

that court of appeals properly followed 1968 Supreme Court case notwithstanding its doubts regarding its continuing validity because, "it is this Court's prerogative alone to overrule one of its precedents.").

Even though the Ninth Circuit generally follows the course set by the Restatement, we know of no authority indicating that the Ninth Circuit is obliged to follow the change of course reflected in the 1988 amendments to Restatement § 142. In fact, the Sixth Circuit's <u>Mileti</u> decision indicates that the Sixth Circuit still cleaves to the 1971 version of Restatement § 142. And, as recently as 2006, the Seventh Circuit noted: "it would be against the weight of precedent to apply a broad choice-of-law provision to limitations issues where, as here, the provision does not extend expressly to statutes of limitations." <u>Berger</u>, 459 F.3d at 813 n.15. <u>Mileti</u> and <u>Berger</u> bolster our conviction that we must let the Ninth Circuit decide for itself whether <u>Des Brisay</u> should be overruled.

**CONCLUSION**

For the reasons set forth above, we REVERSE the bankruptcy court's order overruling the Sterbas' objection to claim.

13