TASHIMA, Circuit Judge,
concurring in the judgment:
Although the majority reaches the correct result, it gets there by an unnecessarily circuitous route. Because I believe there is a more direct route, that is not only shorter, but preferable, I concur in the judgment only.
The promissory note at issue in this case contains the following choice-of-law provision:
[T]his Note shall be governed by and construed in accordance with ... the laws of Ohio, to the extent Ohio laws are not preempted by federal laws or regulations, and without regard to conflict of law principles.[1]
(Emphasis added.) The question we should be asking ourselves is whether there is any valid reason why the parties’ choice-of-law should not be honored? As the majority recognizes, Maj. Op. at 1177 & 1179, because this is a federal question case, federal choice-of-law rules, which generally follow the Restatement (Second) of Conflict of Laws (“Restatement”), apply. See Liberty Tool & Mfg. v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.), 277 F.3d 1057, 1069 (9th Cir. 2001).
In turn, § 187 of the Restatement provides that “[t]he law of the state chosen by the parties ... will be applied.... ” We have consistently honored the parties’ choice-of-law, including provisions of similar import to the italicized provision in this case that the chosen law applies “without regard to conflict of law principles.” See, e.g., Mortensen v. Bresnan Comm’cns, LLC, 722 F.3d 1151, 1155 (9th Cir. 2013) (applying New York law “without regard to New York’s choice of law principles” (footnote omitted)); Fuku-Bonsai, Inc. v. E.I. Du Pont de Nemours & Co., 187 F.3d 1031, 1033 n.3 (9th Cir. 1999) (applying Delaware law “without giving effect to the *1182 conflict of laws or choice of law provisions thereof’); id. at 1034 (“it is agreed that Delaware law applies”) (Boochever, J., dissenting).
Under this line of cases and § 187, there is no reason not to give effect to the parties’ choice-of-law, which included their choice of the Ohio statute of limitations. That choice was made by inclusion of the phrase “without regard to conflict of law principles,” which, in this case, means without regard to any analysis that would otherwise be called for under § 142 of the Restatement. Thus, the majority’s extended analysis of how § 142 should be applied in this case contravenes the parties’ choice-of-law that the Ohio statute of limitations should apply, “without regard to conflict of law principles.”
For these reasons, I concur in the judgment REVERSING the judgment of the BAP and REMANDING for further proceedings.

. The majority completely ignores this italicized phrase in its analysis, noting only that “[t]he contractual choice-of-law provision in this case, adopting Ohio law, is materially identical to the one we construed in Des Brisay." Maj. Op. at 1178. But, of course, the choice-of-law provision at issue in Des Brisay did not include a provision like or comparable to the italicized phrase quoted in the text, above. See Des Brisay v. Goldfield Corp., 637 F.2d 680, 682 (9th Cir. 1981).