**NOT FOR PUBLICATION**

FILED

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM WHITE,

          Plaintiff-Appellant,

  v.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA; et al.,

          Defendants-Appellees.

No.   24-2681

D.C. No.
3:22-cv-01788-L-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted April 21, 2025
San Diego, California

Before:  WALLACE, MCKEOWN, and OWENS, Circuit Judges

Plaintiff-Appellant William White ("White") appeals from the district court's

(1) denial of his motion to establish de novo as the standard of review applicable to

Defendant-Appellee Guardian Life Insurance Company's ("Guardian") denial of his

insurance claim; and (2) summary judgment in favor of Guardian.  We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

White's insurance claim arises out of a motorcycle accident resulting in White's loss of his leg. White's insurance plan (the "Plan") excludes losses that occur "while the employee is a driver in a motor vehicle accident, if he or she does not hold a current and valid driver's license." Guardian therefore denied White's claim under this exclusion since he only had a Class C California Driver's License at the time of the accident and lacked the Class M endorsement required to legally drive a motorcycle. White sued Guardian, arguing that the exclusion did not apply because it does not specify that the claimant must be licensed to drive the vehicle they operated during the accident, and he technically had a driver's license.

The Plan specifies that it consists of various documents, including a certificate that grants Guardian the discretion to interpret the terms of the Plan. White moved to establish the standard of review of Guardian's denial of his claim as de novo, arguing that California Insurance Code § 10110.6[1] voids the discretionary clause. Guardian countered that the Plan contains a valid choice-of-law clause selecting Florida law, under which the discretionary clause applies, and the district court must review Guardian's denial of benefits for abuse of discretion. The district court

---

[1] We grant White's motion for judicial notice of the legislative history of California Insurance Code § 10110.6. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005).

applied our court's decision in *Wang Laboratories, Inc. v. Kagan*, 990 F.2d 1126, 1128–29 (9th Cir. 1993), to conclude that the choice-of-law provision was neither unreasonable nor unfair, and therefore Florida law applied, and the standard of review was abuse of discretion. The district court then held that Guardian did not abuse its discretion by interpreting the exclusion as requiring an insured to be licensed to drive the vehicle he operated during the accident because doing so without the proper license violates state law.

On appeal, White argues that (1) the discretionary clause is not part of the Plan and our court should interpret the exclusionary clause de novo, (2) even if the discretionary clause is part of the Plan, our court should hold that the choice-of-law clause is invalid under the Restatement (Second) of Conflicts of Law approach and that California law applies, and (3) since California law applies, the discretionary clause is void and our court must interpret the exclusionary clause in White's favor.

We need not address whether the discretionary clause is part of the Plan or whether the choice-of-law provision is valid because the district court's summary judgment for Guardian was proper regardless of the standard of review. "When the contract terms are clear, the parties' intent must be ascertained from the contract, and the contract terms connote their ordinary meaning." *Tehama-Colusa Canal Auth. v. U.S. Dep't of Interior*, 721 F.3d 1086, 1093 (9th Cir. 2013). Here, it is clear that by excluding losses that occur "while the employee is a driver in a motor vehicle

3

accident, if he or she does not hold a current and valid driver's license[,]" the parties intended that coverage would be withheld from claimants who were unlawfully operating a vehicle at the time of the incident, as White was. Thus, whether the standard of review is de novo or abuse of discretion, Guardian's exclusion provision plainly applies to White's claim. Accordingly, the district court properly granted summary judgment in favor of Guardian.

**AFFIRMED.**